CARL ADAMS, DOYLE WOODROW ALEXANDER, AUDREY LOUISE ALLISON, ALBERT WILLIAM ARRINGTON, JR., JAMES RONNIE ARRINGTON, JUDITH HOPE ARRINGTON, HOYT JAY BARNES, SAMMY BARNETT, TOMMY BARNETTE, ROGER DEAN BEASLEY, CARROLL BECK, GLENN RAY BECK, JAMES ARTHUR BECK, THURMAN BLAINE, TRUDIE MARIE BLAINE, JAMES BOLDEN, TERRY LEE BROWNING, GRADY DALLAS BRYSON, MACK C. BRYSON, VERLIN LEO BRYSON, GORDON J. BUCHANAN, HAROLD DEMPSEY BUCHANAN, NANCY BUCHANAN, WILLIAM EDWARD BUCHANAN, DANNY SELLERS BUMGARNER, MILTON RUSSELL BURKE, JAMES RICHARD BYRD, JACK DEMPSEY CALDWELL, WALTER BOONE CALDWELL, LOYD ANDREW CARVER, DENNIS MARION CASEY, SR., ADA PRICE CLARK, ROBERT RAY CLARK, JAMES MORRIS COCHRAN, LOUIE COCHRAN, NEAL EDWARD CODY, DONALD WAYNE COGBURN, FRED EARL COGDILL, AUTHER EARNEST COOPER, CARL H. COWARD, SR., EUGENE T. CRAIG, JR., JOHNNIE NILE CRAWFORD, GREGORY ALAN DAVIS, HUGH MORRELL DAVIS, EDWARD EVANS DYER, WILLIAMS MARSHALL EDWARDS, RONALD JACKSON ESTES, JAMES RICHARD EVANS, ROSEMARY CALDWELL EVANS, VINSON EVANS, SAMUEL EDWARD FERGUSON, DORIS WHITAKER FINCANNON, CARROLL WILBURN FISHER, RAYMOND JACK FISHER, CLARENCE EUGENE FORD, ROBERT WILLIAM FOWLER, PAUL DON FRADY, THOMAS LAWRENCE FRAZIER, JOHN ALEXANDER FRIZZELL, SILAS KENNETH FRIZZELL, DOROTHY ELIZABETH FULCE, KENNETH HOWARD GIBSON, ARNOLD EMMITT GREEN, DAVIS DEAN GREEN, GEORGE WILLIAM GREEN, JAMES H. GREEN, KENNETH WALTER GREEN, DOUGLAS GREENE, JAMES GREENE, JAMES PAUL GROOMS, KENNETH CARROLL GROOMS, ROY WALTER GROOMS, JACK ALLEN HALL, JAMES HENRY HALL, JERRY STEPHEN HALL, MILDRED CHAMBERS HANNAH, MORRIS JAMES HANNAH, JOE EDWARD HAWKINS, ROGER DALE HENDRIX, BARBARA SMITH HENRY, ALBERT DEWIGHT HENSON, DONALD JEROME HENSON, JOHN VANCE HILL, BRUCE HOLDER, CHARLES HERMAN HOLDER, WILBURN VAN HOLLAND, CARL KENNETH HORTON, THOMAS DEWITT HYATT, CHARLES WAYNE HYDE, VINCENT LANNES INMAN, FRANKLIN DEWITT JAMES, WILLIAM KARLISLE JAMES, JAMES HAROLD JAMISON, LAWRENCE DANIEL JENKINS, DONNIE RAY JONES, CHARLES HOOPER JUSTICE, DANIEL HAROLD KELLEY,

ADAMS v. M.A. HANNA CO.

[166 N.C. App. 619 (2004)]

MICHAEL DENNIS KELLY, JAMES GROVER LEATHERWOOD, RAYMOND SAMMY LEDFORD, PHILLIP LEOPARD, JACK CARPENTER LEWIS, ROY F. LINDSAY, CLAUDE OWEN LONG, BOONE BEVERLY LOWE, ROGER FRANK LOWE, JAMES ANDREW LUNSFORD, WILLIE THOMAS MANN, FREDERICK JOSEPH MARCUS, PEGGY MARTIN, LANEY CONSTANT MASON, FRANK MATHIS, WILLIAM NEWTON MAUCK, JAMES T. MAULDIN, JOHNNY ELLIS McCALL, ROBERT DELOS McCALL, JAMES EDWARD McCONNELL, HAZEL McELROY, JAMES LESLIE McFALLS, GENE ALLEN MEDFORD, JAYNES RILEY MEDFORD, RICHARD DALE MEDFORD, ROBERT TAYLOR MEDFORD, WILLIAM LAWRENCE MEDFORD, WILLIE ERVIN MEHAFFEY, EDWARD LEE MESSER, GLEN HORACE MESSER, HOWARD MESSER, STEVEN KIRBY MILLER, JAMES ROBERT MINTZ, JR., RUFUS CARROLL MINTZ, JAMES EDWARD MOODY, CLYDE ALLEN MORGAN, JERRY DEVOE MORROW, ROBERT KENNETH MORROW, SHELIA DIANE NICHOLS, HARLEY RAY OTTINGER, BARBARA ANN PARKS, CHARLES EDWIN PARKS, FRED PARTON, RAY ALFRED PARTON, WILLIAM PARTON, JACK PHILLIPS, WAYNE HILLIARD PITTS, NED HILLARD PRICE, JACK O'NEIL RAMEY, WILLIAM C. RASH, EDWIN PALMER RATCLIFFE, JUNIOR DAVID RATHBONE, LARRY DOUGLAS RATHBONE, MARY NELL RATHBONE, WAYNE BOYD RATHBONE, SEBY NEAL RHODARMER, ROBERT RAY RHODES, KENNETH ROBERTS, CLARENCE RAYMOND ROBINSON, DOUGLAS NEAL ROBINSON, GERALDINE MARIE ROBINSON, JOSEPH MOORE ROBINSON, SAMUEL E. ROBINSON, CHARLES ROBERT ROGERS, JACK ROGERS, RODERICK NEWTON ROGERS, MEDFORD DALE RUSSELL, RANSOM RUSSELL, MARTIN LELAND SCRUGGS, STUART EARL SCRUGGS, JR. HARLEY GLENN SELLERS, EARL JOSEPH SHELTON, LINDA JEAN SHEPPARD, BILLY BRUCE SHERRILL, DANIEL ANDY SHULER, JAMES ALLEN SHULER, THOMAS ERVIN SLUDER, STEVE WILLIS SMATHERS, DALLAS SMITH, JIMMY RAY SMITH, JOSEPH WILLIAM SMITH, BILL GENE SNIPES, EARL JULIOUS STEPHENS, HUTY STEPHENS, TED L. STEPHENS, BILLY RAY STILES, DANA STRICKLER, GARY ROY SUTTLES, FRANCIS EUGENE SUTTON, SR., JAMES FREDDIE SUTTON, NED LEROY SUTTON, NEIL TEAGUE, GENE BAXTER THOMASON, LOYE JOSEPH TRANTHAM, JERRY TRULL, RALPH TRULL, PATRICIA ANN TUCKER, PAUL JINNINGS WARD, SUSIE WARLICK, JAMES ROBERT WARREN, MARIE PHILLIPS WARREN, MINGUS ROBERT WELLS, FLOYD HARVEY WEST, ALLENEE WILKES, HILDA FAYE WILKES, BOBBY HAYES WILLIAMSON, LINDA JOYCE WILLIAMSON, LEONARD RAY WINCHESTER, JAMES MILAS WOOD, WINFRED RICHARD WRIGHT, CHARLES RAY WYATT, Employees, Plaintiffs v. M.A. HANNA CO., Employer, FIREMAN'S FUND INSURANCE Carrier; and DAYCO CORP/M.A. HANNA, INC./POLYONE CORP., Employer, NATIONAL UNION FIRE INSURANCE CO., Carrier; and DAYCO PRODUCTS, INC./DAYCO PRODUCTS, L.L.C./MARK IV INDUSTRIES, INC., Employer, THE TRAVELERS PROPERTY AND CASUALTY CO., Carrier; NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA, Carrier, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Carrier; Defendants

No. COA03-1280

(Filed 19 October 2004)

ADAMS v. M.A. HANNA CO.

[166 N.C. App. 619 (2004)]

**Workers' Compensation— rules for appeal to full Commission—findings by Commission required**

The Court of Appeals vacated sanctions against counsel in a workers' compensation case and remanded for further proceedings where the Industrial Commission violated its own rules in the appeal to the Full Commission, and then simply upheld the findings of the deputy commissioner rather than making its own findings and conclusions.

Appeal by defendants from orders entered 11 April 2003 and 9 May 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 27 May 2004.

*Brooks, Stevens & Pope, P.A., by Michael C. Sigmon and Matthew P. Blake, for defendants Dayco Products, Inc./Dayco Products, L.L.C./Mark IV Industries, Inc., Inc. and The Travelers Property & Casualty Co.*

*Lewis & Roberts, P.L.L.C., by Winston L. Page, for defendants Dayco Corp./M.A. Hanna, Inc./Polyone Corp. and National Union Fire Insurance Co.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Thomas M. Clare, for defendants M.A. Hanna Co. and Fireman's Fund Insurance.*

*Wallace & Graham, P.A., by Michael Pross, for plaintiffs.*

HUDSON, Judge.

Plaintiffs filed claims alleging they had contracted asbestosis and other occupational diseases as a result of employment with defendant-employer. The Industrial Commission appointed Deputy Commissioner Douglas E. Berger to facilitate hearings of these claims *en masse*. On 18 May 2001, Deputy Commissioner Berger entered an order establishing procedures for taking the testimony of non-medical expert witnesses and related discovery. On 22 November 2002, Deputy Commissioner Berger entered an oral order requiring the attorneys for defendant Dayco Products, Inc./Dayco Products, L.L.C./Mark IV Industries, Inc. ("Dayco") to pay $10,000 to plaintiff's attorneys as a sanction for violating the 18 May order. On 2 December 2002, defendants gave notice of appeal to the Full Commission. On 10 December 2002, Deputy Commissioner Berger reduced to writing his prior oral order, and defendant appealed the written order on 24 December 2002.

On 28 January 2003, Industrial Commission Chairman Buck Lattimore entered an order which allowed the interlocutory appeal to go forward and referred it to the administrative panel of the Full Commission for an expedited hearing. The panel entered an administrative order on 11 April 2003, affirming and increasing the sanction to $20,000.

On 2 May 2003, defendant filed a motion for reconsideration, which the Full Commission denied on 9 May 2003. On 2 June 2003, defendant appealed to this Court. For the reasons discussed below, we vacate the order and remand to the Full Commission for further proceedings.

This case arises from an order imposing sanctions against counsel for defendant Dayco for violating an earlier discovery order. That order, from 18 May 2001, addressed the taking of testimony from Dr. William Dyson, a non-medical expert, and related discovery matters, and required in pertinent part the following:

> Prior to the special set hearing, Defendants are to provide Plaintiffs with 1) all documents that were provided to Dr. Dyson upon which he will render his expert opinion; 2) all correspondence directed to Dr. Dyson[;] and 3) a summary report provided by Dr. Dyson as to his expected testimony.

The deputy commissioner further addressed the procedures for taking expert testimony in later teleconferences and in oral and written orders.

During his 21 June 2002 deposition, Dr. Dyson disclosed the existence of photographs taken by defendants at the plaintiffs' workplace in November 2001. Defendant's attorneys had not provided these photographs to plaintiffs' counsel. On 29 July 2002, plaintiffs moved to strike the testimony of Dr. Dyson based upon the fact that defendants had failed to produce the photographs prior to his deposition. On 22 November 2002, Deputy Commissioner Berger entered his oral order imposing a sanction of $10,000 in attorney's fees against counsel for defendant Dayco for failure to comply with his 18 May 2001 order. Deputy Commissioner Berger made the sanctions payable immediately and certified the interlocutory order for immediate appeal.

Defendant Dayco appealed to the Full Commision. On 28 January 2003, Chairman Lattimore granted the request that the appeal go forward in an order which stated:

ADAMS v. M.A. HANNA CO.

[166 N.C. App. 619 (2004)]

1. Defendants' request for immediate appeal of this Interlocutory Order to the Full Commission is hereby GRANTED.

2. This matter is hereby referred to the administrative panel of the Full Commission for expedited hearing.

3. Deputy Commissioner Berger's Interlocutory Order is hereby stayed pending issuance of an Opinion and Award by the administrative panel of the Full Commission.

On 11 April 2003, the Full Commission panel filed its order affirming Deputy Commissioner Berger's order, but increasing the amount of the sanctions to $20,000, payable immediately. The panel made no findings of fact in the order. Defendant Dayco then moved for reconsideration, which motion the Full Commission denied 9 May 2003.

The order imposing sanctions appealed here is interlocutory. Generally, interlocutory orders are not immediately appealable. *Sharp v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999), *disc. review denied*, 352 N.C. 150, 544 S.E.2d 228 (2000). However, an order imposing sanctions may affect a substantial right, and thus be immediately appealable. *Hummer v. Pulley, Watson, King & Lischer, P.A.*, 140 N.C. App. 270, 277, 536 S.E.2d 349, 353 (2000); *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554-55, 353 S.E.2d 425, 426 (1987).

In their appeal to this Court, defendant Dayco challenges the procedure followed by the Full Commission, and the adequacy of the order. Industrial Commission Rule 701 establishes processes and procedures for appeals to the Full Commission. *See* Workers' Compensation Rules of the North Carolina Industrial Commission, Rule 701. Pursuant to Rule 701, upon receipt of notice of appeal of a decision of a deputy commissioner, the Full Commission will supply the appellant with a Form 44 Application for Review, which the appellant must complete, stating the specific grounds for appeal, and file along with his brief within twenty-five days after he receives the transcript. Appellee then has twenty-five days in which to file its responsive brief. The Full Commission, in its discretion, may waive the use of Form 44 and oral argument, and reach its decision based on the record, assignments of error and briefs. However, even though the Commission may waive the use of Form 44, the rule specifically requires that grounds for appeal be set forth with particularity.

Here, the 28 January 2003 order by Chairman Lattimore refers the appeal to "the administrative panel of the Full Commission for expe-

dited hearing." The appellant filed no Form 44 and none of the parties filed briefs to the Full Commission. Our review of the Workers' Compensation Act and the Commission's own rules discloses no authority for this process. Although this appeal of the deputy commissioner's 10 December 2002 order was interlocutory, it involved review by the Full Commission of an order entered after a hearing which contained findings of fact and conclusions of law. We conclude that this Full Commission review was governed by Rule 701 and N.C. Gen. Stat. § 97-85. The Full Commission apparently waived the filing of Form 44 and the holding of an oral argument in the appeal, as permitted by Rule 701. However, Rule 701 also gives appellant the right to file a brief in support of its argument, and the Full Commission here gave neither defendant Dayco nor the other parties any opportunity to be heard.

Dayco also argues that the Commission exceeded its authority and violated its own rules by failing to make its own findings and conclusions, and by failing to specify which of Dayco's attorneys' actions constituted sanctionable conduct. Plaintiffs, on the other hand, contend that the Commission acted properly by simply upholding the findings of the deputy commissioner.

Numerous appellate court decisions in recent years have established clearly that the Full Commission is the ultimate fact-finder whether or not it reviews a "cold record." N.C. Gen. Stat. § 97-85; *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 115, 530 S.E.2d 549, 552 (2000) (citing *Adams v. AVX Corp.*, 349 N.C. 676, 680-81, 509 S.E.2d 411, 413-14 (1998)). Further, the Commission must make findings of fact and conclusions of law on all issues raised by the evidence which are necessary for a determination of the matter. *Bryant v. Weyerhaeuser Co.*, 130 N.C. App. 135, 139, 502 S.E.2d 58, 61-62, *disc. review denied*, 349 N.C. 228, 515 S.E.2d 700 (1998).

Here, we conclude that the Commission has not followed the Act and its own rules, and has not carried out its duty to make findings of fact and conclusions of law. Thus, we vacate the order and remand so that it may do so.

Vacated and remanded for further proceedings.

Judges GEER and THORNBURG concur.