EDNA JO ROBERTS, Plaintiff-Employee v. WAL-MART STORES, INC. and/or SAM'S CLUB, Defendant-Employer, AMERICAN HOME ASSURANCE COMPANY, Defendant-Carrier

No. COA04-1581

(Filed 18 October 2005)

**Workers' Compensation— waiver of Form 44—requirement of setting forth grounds for appeal with particularity**

The Industrial Commission erred in a workers' compensation case by issuing an opinion and award after plaintiff failed to file either assignments of error or a brief to the Full Commission, because: (1) even though the Commission may waive the use of Form 44, the rule specifically requires that grounds for appeal be set forth with particularity; and (2) plaintiff did not file a Form 44, brief, or any other document with the Full Commission setting forth grounds for appeal with particularity.

Appeal by defendants from an Opinion and Award entered 1 April 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 20 September 2005.

*The Kilbride Law Firm, PLLC, by Terry M. Kilbride, for plaintiff-appellee.*

*Young Moore and Henderson P.A., by Michael W. Ballance, for defendant-appellants.*

BRYANT, Judge.

Wal-Mart Stores, Inc. and American Home Assurance Company (defendants) appeal from an Opinion and Award of the North Carolina Industrial Commission (Full Commission) awarding Edna Jo Roberts (plaintiff) medical compensation and total disability

ROBERTS v. WAL-MART STORES, INC.

[173 N.C. App. 740 (2005)]

compensation from 9 July 2000 through 12 September 2000. For the reasons below we reverse and vacate the Commission's Opinion and Award.

*Facts*

Plaintiff is a high school graduate and on 8 July 2000 was working for defendant's Sam's Club store in Asheville, North Carolina. Plaintiff had recently become qualified to drive a school bus and had also begun working for the Buncombe County school system. On 8 July 2000, while working in the Sam's Club cafe, plaintiff felt a snap in her lower back as she was lifting a bag-in-a-box of soft drink syrup weighing fifty-five pounds. Plaintiff told her co-workers she could not continue with the stocking activity and had difficulty completing the shift but did not report the injury to defendants. Plaintiff felt she had pulled a muscle and did not have a serious injury. She did not want to report an injury because of a contest between stores to see which could go the longest without a workplace accident.

On 10 July 2000, plaintiff woke up with such severe pain that she was unable to go to work. Plaintiff did not return to work at Sam's Club the following week and by 14 July 2000 informed management at the store that she would be terminating her employment in order to take care of her mother at home. However, plaintiff did continue working for the Buncombe County school system.

Plaintiff first received medical treatment on 14 July 2000 from a Physician's Assistant at Asheville Family Health Center where plaintiff regularly received medical care. On 25 July 2000, plaintiff saw Dr. Andrew Rudins, a physiatrist at Southeastern Sports Medicine, describing pain from her left lower back radiating down her left leg to her knee and indicated that her leg tended to give way. Dr. Rudins examined plaintiff and ordered an MRI.

On 27 July 2000, plaintiff presented to the emergency room of Memorial Mission Hospital screaming in pain, unable to tolerate any position and complaining of spasms in her leg. Plaintiff was examined by Dr. Allen W. Lalor and Dr. Gary A. Curran. Plaintiff told the doctors about the incident at work, although she was not sure when the injury had occurred since the severe pain did not occur until 10 July 2000.

On 28 July 2000, plaintiff had an MRI which showed disc protrusions at multiple levels in her lumbar spine. Dr. Keith M. Maxwell, an

**ROBERTS v. WAL-MART STORES, INC.**

[173 N.C. App. 740 (2005)]

orthopedic surgeon, was consulted and his physician's assistant examined plaintiff on 29 July 2000. Dr. Maxwell felt that plaintiff's symptoms stemmed from a disc herniation at L3-4, and he recommended surgery. Dr. Maxwell performed surgery on plaintiff to decompress the L3-4 interspace on 30 July 2000. Dr. Maxwell stated and the Commission found this first surgery was causally related to the lifting injury on 8 July 2000.

On 12 September 2000, plaintiff returned to Dr. Maxwell with complaints of a new pain in her right hip and leg that was different from her previous pain symptoms. Plaintiff continued working for the Buncombe County school system until the Spring of 2001. From 25 February 2001 through 2 May 2002, plaintiff was seen by several doctors and underwent four additional surgeries to relieve spinal compression and various herniations. On 23 January 2001 plaintiff completed a Form 18 and notified defendants of her injury and claims.

## Procedural History

On 8 July 2002, plaintiff's claims were heard before Deputy Commissioner Morgan S. Chapman who filed an Opinion and Award in this matter on 12 February 2003. The Deputy Commissioner held plaintiff had suffered a compensable specific traumatic incident at work in July 2000. However, the Deputy Commissioner concluded plaintiff's claim should be denied for her failure to give timely notice pursuant to N.C. Gen. Stat. § 97-22, which had been prejudicial to defendants because of the intervening surgery.

Plaintiff filed Notice of Appeal to the Full Commission on 14 February 2003. Plaintiff, however, did not file a Form 44 or a brief to the Full Commission. Defendant also did not file a brief or a motion to dismiss to the Full Commission.

On 1 August 2004, the Full Commission issued an order waiving oral argument of the parties and announced it would file a decision based upon the record. Defendants petitioned the Full Commission to allow them to present oral and written arguments on any issues the Full Commission was going to consider on appeal. The Commission never responded to defendants' petition and on 24 February 2004, the Full Commission filed an Opinion and Award in this matter.

The Full Commission found, as a result of the compensable injury by accident, plaintiff was unable to earn the same or greater wages in her regular employment or in any other employment from 9 July 2000

**ROBERTS v. WAL-MART STORES, INC.**

[173 N.C. App. 740 (2005)]

through 12 September 2000. Furthermore, based upon Dr. Maxwell's testimony, the Full Commission found plaintiff's back problems after 12 September 2000 were related to preexisting medical conditions and not causally related to the 8 July 2000 incident.

The Commission awarded plaintiff total disability compensation from 9 July 2000 to 12 September 2000, subject to a deduction for any wages received from the Buncombe County school system during that period of time and instructed defendant to pay for all medical expenses incurred as a result of the compensable injury by accident. Defendants subsequently filed a Motion for Reconsideration which was denied by the Commission on 27 May 2004. Defendants appeal.

---

The dispositive issue on appeal is whether the Full Commission erred by issuing an Opinion and Award after plaintiff failed to file either assignments of error or a brief to the Full Commission. On 14 February 2003, plaintiff sent a letter to the North Carolina Industrial Commission indicating she wished to appeal the Opinion and Award of Deputy Commissioner Chapman. The letter reads:

> Please consider this letter to be plaintiff's appeal from the Opinion & Award dated February 12, 2003. We file this notice pursuant to G.S. 97-85 and Rule 701 (1) of the Workers' Compensation Rules. Thank you for your consideration.

Phillip Hopkins, Docket Director for the Industrial Commission, acknowledged receipt of plaintiff's letter giving notice of appeal in a letter sent 18 February 2003. Hopkins instructed plaintiff that she must file a Form 44 within 25 days from receipt of the transcript of the hearing before Deputy Commissioner Chapman. Plaintiff did not file a Form 44, nor did she file a brief to the Full Commission. Rule 701(4) of the Workers' Compensation Rules of the North Carolina Industrial Commission states:

> [A]ppellee shall have 25 days from service of appellant's brief within which to file a reply brief . . . . When an appellant fails to file a brief, appellee shall file his brief within 25 days after appellant's time for filing brief has expired.

Workers' Comp. R. of N.C. Indus. Comm'n 701(4), 2005 Ann. R. (N.C.) 919, 943.

Defendants argue they were prejudiced by the Full Commission's sudden declaration on 1 August 2003 that plaintiff's claims would be

**ROBERTS v. WAL-MART STORES, INC.**

[173 N.C. App. 740 (2005)]

decided without briefs or oral arguments and that its decision would be based upon the record. We agree. The rules established by the Industrial Commission governing the procedure by which appeals are taken to the Full Commission provide that "[f]ailure to state with particularity the grounds for appeal shall result in abandonment of such grounds, as provided in paragraph (3)." Workers' Comp. R. of N.C. Indus. Comm'n 701(2), 2005 Ann. R. (N.C.) 919, 943. Rule 701(3) then states, "[p]articular grounds for appeal not set forth in the application for review shall be deemed abandoned, and argument thereon shall not be heard before the Full Commission." Workers' Comp. R. of N.C. Indus. Comm'n 701(3), 2005 Ann. R. (N.C.) 919, 943. The rules do provide that the Industrial Commission may "in its discretion, waive[] the use of the Form 44." Workers' Comp. R. of N.C. Indus. Comm'n 701(2), 2005 Ann. R. (N.C.) 919, 943. "However, even though the Commission may waive the use of Form 44, the rule specifically requires that grounds for appeal be set forth with particularity." *Adams v. M.A. Hanna Co.*, 166 N.C. App. 619, 623, 603 S.E.2d 402, 405-06 (2004).

Here, plaintiff did not file a Form 44, brief, or any other document with the Full Commission setting forth grounds for appeal with particularity. The Full Commission apparently waived the filing of Form 44 and expressly waived the holding of an oral argument, as permitted by Rule 701. However, the portion of Rule 701 requiring appellant to state with particularity the grounds for appeal may not be waived by the Full Commission. Without notice of the grounds for appeal, an appellee has no notice of what will be addressed by the Full Commission. The Full Commission violated its own rules by failing to require that plaintiff state with particularity the grounds for appeal and thereafter issuing an Opinion and Award based solely on the record. For the foregoing reasons, we reverse the Full Commission and vacate its Opinion and Award.

Vacated and reversed.

Chief Judge MARTIN and Judge GEER concur.