In their Opinion and Award, the majority holds that in the interest of justice and because of plaintiff's pro se status, defendant's motion to dismiss plaintiff's appeal is denied. I respectfully disagree with the majority's opinion based on the recent holding by the North Carolina Court of Appeals in Robertsv. Wal-Mart Stores, Inc., 619 S.E.2d 907 (2005).
In my opinion, Roberts does not allow for any distinction between a represented and an unrepresented appellant. Roberts v.Wal-Mart Stores, Inc., supra. Unlike the plaintiff in Roberts,
the plaintiff in the instant case is pro se. The majority relies on Rule 801 and the "interest of justice" to allow plaintiff to bypass Rule 701, which requires her to state with particularity the grounds for her appeal. In Roberts, however, the Court held that the Commission violated its own rule by rendering a decision where plaintiff failed to state with particularity the grounds for appeal. Nowhere in their opinion does the Court specify a different standard for represented and unrepresented plaintiffs, and, as such, I feel the holding inRoberts must control. Plaintiff did not file a Form 44, brief, or other statement enumerating her grounds for appeal, and thus, I would grant defendant's motion to dismiss plaintiff's appeal for failure to state with particularity the grounds for appeal.Id.
For the foregoing reasons, I respectfully dissent from the majority's opinion.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER