* * * * * * * * * * *
The Full Commission reviewed the motion and response based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission.
 * * * * * * * * * * *
Based upon competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. By an Opinion and Award entered on June 13, 2001, by Deputy Commissioner Bradley W. Houser, the Industrial Commission found that the plaintiff sustained a compensable injury to his left foot on August 4, 2000. As a result of that injury, plaintiff was unable to return to work. Defendants appealed from the Opinion and Award of the Deputy Commissioner to the Full Commission and the Full Commission entered an Opinion and Award on February 22, 2002, in which the Opinion and Award of the Deputy Commissioner was affirmed and adopted with minor modifications.
2. Defendants paid medical and indemnity compensation to plaintiff as required by the Opinion and Award of the Full Commission until plaintiff's death.
3. After defendants began paying compensation to plaintiff, plaintiff filed a Form 33 seeking medical treatment for his right leg. Defendants denied the causal relationship of plaintiff's right leg symptoms to the compensable injury to plaintiff's left foot. Mediation was ordered by the Industrial Commission and the parties participated in mediation which was held on March 11, 2003. The parties were not able to arrive at a settlement at the mediation; however, negotiations continued between the parties subsequent to the mediation. On June 23, 2003, Mediator Roy J. Baroff filed his amended Report of Mediator with the Industrial Commission, indicating that "[t]he Parties have reached agreement on all issues with the Agreement being conditioned on the Parties reaching agreement on Medicare issues."
4. No Memorandum of Settlement was prepared by the mediator and no Memorandum of Settlement was signed by the parties at any time.
5. As a result of the negotiations between the parties, counsel for defendants prepared a draft of a Compromise Settlement Agreement and sent the draft to plaintiff's counsel, Wayne E. Crumwell, and to Amerisure Insurance Companies, the carrier for the employer. Plaintiff and attorney Crumwell signed the draft of the Compromise Settlement Agreement, but Amerisure Insurance Companies did not sign the Agreement; Adams Electric Company did not sign the Agreement; and Roger L. Dillard, Jr., counsel for defendants, did not sign the Agreement. The Agreement was not signed by anyone on behalf of defendants because Amerisure Insurance determined that the Agreement, because it involved complex Medicare issues, needed to the submitted to the Center for Medicare and Medicaid Services (CMS) for approval. Counsel for defendants notified plaintiff's counsel by e-mail on Monday, April 21, 2003, at 11:00 a.m. that Amerisure had requested Medicare approval of the Compromise Settlement Agreement and approval of the specific Medicare set aside language drafted by the attorneys for the parties before the Compromise Settlement Agreement would be signed.
6. No Memorandum of Settlement and no Compromise Settlement Agreement has been signed by defendants as of this date and no such Compromise Settlement Agreement was submitted to the Industrial Commission for approval pursuant to Rule 502 of the Workers' Compensation Rules of the North Carolina Industrial Commission, nor pursuant to Rule 4 of the Rules for Mediated Settlement and Neutral Evaluation Conferences.
7. Deputy Commissioner Holmes filed his Opinion and Award on October 10, 2005, denying enforcement of the purported settlement agreement. Plaintiff filed timely notice of appeal on October 19, 2005.
8. The transcript of the hearing was mailed to the parties on November 30, 2005. Plaintiff's Form 44 and brief were due to be filed with the Industrial Commission within 45 days of his receipt of the transcript.
9. Defendants filed their brief with the Commission on January 20, 2006. They noted in their brief the fact that plaintiff had filed neither a Form 44 nor a brief as of January 19, 2006.
10. Plaintiff filed a Form 44 on March 14, 2006 and a brief on March 16, 2006, the latter being the scheduled date of oral argument on appeal before the Full Commission.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff's Form 44 and brief were not filed timely. Plaintiff failed to meet the requirements of Rule 701 of the Workers' Compensation Rules of the North Carolina Industrial Commission.
2. Plaintiff's appeal is subject to being dismissed by reason of his failure to meet the requirements of Rule 701. Roberts vs. Wal-Mart,
___ NC App ___, 619 S.E.2d 907 (2005).
3. The representative of plaintiff's estate is entitled to be made a party hereto and is entitled to raise the issue of whether or not plaintiff's death was related to his compensable injury.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's appeal from the Opinion and Award filed herein on October 10, 2005, by Deputy Commissioner Phillip A. Holmes is hereby DISMISSED.
2. The representative of plaintiff's estate is hereby made a party to this matter. Said representative may bring forward the issue of whether or not plaintiff's death resulted from his compensable injuries by filing a Form 33 herein.
3. Each party shall bear its own costs.
This 17th day of March 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_________________ BERNADINE BALLANCE COMMISSIONER
 S/_________________ DIANNE C. SELLERS COMMISSIONER