ANNE WADE, Employee-Plaintiff v. CAROLINA BRUSH MANUFACTURING CO., Employer-Defendant, and NORTH CAROLINA INSURANCE GUARANTY ASSOCIATION, Successor in Interest to Reliance Insurance Co., Carrier-Defendant

No. COA06-729

(Filed 20 November 2007)

**Workers' Compensation— failure to comply with Rules—no statement of grounds for appeal—pro se litigant—waiver in interest of justice—abuse of discretion**

The authority vested in the Industrial Commission under Rule 801 to waive violations of its Rules in the interest of justice is discretionary rather than obligatory, but must involve a sense of overall justice encompassing the interests of all parties and the goals of the Workers' Compensation Act. Here, the Industrial Commission abused its discretion by waiving a pro se plaintiff's non-compliance with the requirement of a state-

WADE v. CAROLINA BRUSH MFG. CO.

[187 N.C. App. 245 (2007)]

ment of the grounds for the appeal in such a way that defendant first learned of the grounds for appeal when it received the Opinion and Award.

Appeal by defendants from an Opinion and Award entered 23 February 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 March 2007.

*No brief filed for plaintiff-appellee.*

*Mullen, Holland, & Cooper, P.A., by James R. Martin, for defendants-appellants.*

STEELMAN, Judge.

The Commission abused its discretion by invoking the provisions of Rule 801 to waive compliance with Rule 701 of the Rules of the North Carolina Industrial Commission. *See* Workers' Comp. R. Of N.C. Indus. Comm'n 701(2) & (3), 2007 Ann. R. (N.C.) 1038; Workers' Comp. R. Of N.C. Indus. Comm'n 801, 2007 Ann. R. (N.C.) 1041. We reverse and vacate the Commission's Opinion and Award.

## I. Factual Background

On 29 November 1999, Anne Wade (plaintiff) injured her right hand in the course of her duties in her employment with Carolina Brush Manufacturing Company (defendant). In early 2003, plaintiff sought treatment for pain in her neck extending into her right arm. She was diagnosed with a degenerative disc disease in her cervical spine. This condition ultimately resulted in a pinched nerve, which was the cause of her pain. Plaintiff worked continuously through May 2003 while undergoing non-invasive pain management. On 10 June 2003, plaintiff began a medical leave, during which she underwent surgery to address her cervical condition.

Plaintiff filed a Form 33 with the North Carolina Industrial Commission on 29 July 2003, seeking a determination that her cervical condition and required treatment were caused by her work-related injury of 29 November 1999.

During a post-surgical exam in August 2003, plaintiff reported some continuing weakness and numbness in her right arm but "not a lot of pain." On 2 September 2003, plaintiff returned to work on a half-day basis. She resumed working full-time on 2 October 2003.

**WADE v. CAROLINA BRUSH MFG. CO.**

[187 N.C. App. 245 (2007)]

## II. Procedural History

On 24 August 2004, plaintiff's claims were heard before Chief Deputy Commissioner Stephen T. Gheen, who filed an Opinion and Award in this matter on 1 March 2005. Plaintiff's surgeon opined that the 1999 accident was not the cause of the degenerative disc condition but trauma such as the 1999 incident can aggravate the condition and cause nerve injury. The Deputy Commissioner denied workers' compensation benefits on the basis that plaintiff failed to prove that her cervical condition was aggravated by her 1999 injury. Plaintiff's attorney subsequently moved to withdraw as attorney of record.

Plaintiff filed a *pro se* notice of appeal to the Full Commission on 11 March 2005. On 18 March 2005, the docket director for the Industrial Commission acknowledged receipt of plaintiff's notice of appeal and advised plaintiff that a Form 44 "must be filed within twenty-five days from receipt of the transcript." The transcript was mailed on or about 16 May 2005. Plaintiff never filed a Form 44 or a brief with the Commission. On 3 August 2005, defendants moved to dismiss plaintiff's appeal before the Full Commission, with prejudice, because of plaintiff's failure to file a Form 44, a brief, or a request for an extension of time.

In denying the defendants' motion to dismiss,[1] the Commission stated:

> [A]lthough plaintiff has failed to satisfy the requirements of Workers' Comp. Rules 701(2) and (3) that plaintiff state the grounds of her appeal with particularity within twenty-five days after receiving the transcript of evidence in the present action, the interest of justice obligates the Commission, in its discretion, to waive the requirements of Rule 701(2) and (3) pursuant to . . . Rule 801 in light of plaintiff's status as a *pro se* appellant. The Full Commission concludes that plaintiff has met all statutory requirements to pursue her appeal, and that any failure by plaintiff to satisfy the additional requirements set forth in the Commission's workers' compensation rules is excused pursuant to those same rules. It follows that dismissal of plaintiff's appeal in the present action pursuant to Workers' Comp. Rule 613(1)(c) would be inappropriate.

---

1. The Commission incorporated its denial of defendants' motion to dismiss into the 23 February 2006 Opinion and Award.

On 23 February 2006, the Full Commission issued an Opinion and Award, concluding "as a matter of law that plaintiff properly applied for review . . . in accordance with N.C. Gen. Stat. § 97-85." The Commission reversed the Opinion and Award of the Deputy Commissioner and awarded plaintiff disability compensation and medical treatment "as reasonably required to effect a cure, give relief, or lessen the period of her disability." The Full Commission concluded that the plaintiff suffered an injury on 29 November 1999 in which "she injured her right hand and cervical spine[,]" and such injury was compensable under the Workers' Compensation Act. Chairman Lattimore dissented, asserting that the claim should be dismissed "for failure to file a Form 44, or to state with particularity the grounds for appeal." Defendants appeal.

### III.  Analysis

The dispositive issue on appeal is whether the Commission complied with the terms of the Workers' Compensation Act and its own procedural rules when it invoked the provisions of Rule 801 to overlook plaintiff's non-compliance with Rule 701 of the Rules of the North Carolina Industrial Commission. We hold that the Commission did err and reverse the decision of the Commission.

Industrial Commission Rule 701 states in part:

(2) After receipt of notice of appeal, the Industrial Commission will supply to the appellant a Form 44 Application for Review upon which appellant must state the grounds for the appeal. The grounds must be stated with particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner and, when applicable, the pages in the transcript on which the alleged errors are recorded. Failure to state with particularity the grounds for appeal *shall* result in abandonment of such grounds, as provided in paragraph (3). Appellant's completed Form 44 and brief must be filed and served within 25 days of appellant's receipt of the transcript or receipt of notice that there will be no transcript, unless the Industrial Commission, in its discretion, waives the use of the Form 44. . . .

(3) Particular grounds for appeal not set forth in the application for review *shall be deemed abandoned,* and argument thereon shall not be heard before the Full Commission.

Workers' Comp. R. of N.C. Indus. Comm'n 701(2) & (3), 2007 Ann. R. (N.C.) 1038 (emphasis added). Thus, the penalty for non-compliance with the particularity requirement is waiver of the grounds, and, where no grounds are stated, the appeal is abandoned. *See Roberts v. Wal-Mart Stores, Inc.*, 173 N.C. App. 740, 744, 619 S.E.2d 907, 910 (2005); *Adams v. M.A. Hanna Co.*, 166 N.C. App. 619, 623-24, 603 S.E.2d 402, 405-06 (2004).

> The North Carolina Industrial Commission has the power not only to make rules governing its administration of the act, but also to construe and apply such rules. Its construction and application of its rules, duly made and promulgated, in proceedings pending before the said Commission, *ordinarily* are final and conclusive and not subject to review by the courts of this State, on an appeal from an award made by said Industrial Commission.

*Winslow v. Carolina Conference Ass'n*, 211 N.C. 571, 579-80, 191 S.E. 403, 408 (1937) (emphasis added); *see also Shore v. Chatham Mfg. Co.*, 54 N.C. App. 678, 681, 284 S.E.2d 179, 181 (1981). "While the construction of statutes adopted by those who execute and administer them is evidence of what they mean, that interpretation is not binding on the courts." *Vernon v. Steven L. Mabe Builders*, 336 N.C. 425, 433, 444 S.E.2d 191, 195 (1994) (citations and internal quotations omitted).

### A. Rule 701 and *Roberts*

In *Roberts v. Wal-Mart Stores, Inc.*, 173 N.C. App. 740, 619 S.E.2d 907 (2005), this Court discussed in detail the ramifications of a party's failing to file a Form 44 or any document setting forth with particularity the grounds for an appeal to the Full Commission. Roberts' claim for workers' compensation benefits was denied by the Deputy Commissioner, and she gave notice of appeal. *Id.* at 742, 907 S.E.2d at 909. However, she failed to file a Form 44 with the Commission setting forth the basis of her appeal and did not file a brief with the Commission. *Id.* The Full Commission entered an Opinion and Award in favor of Roberts. *Id.* at 742-43, 907 S.E.2d at 909. On appeal, this Court reversed the Full Commission and vacated its Opinion and Award. *Id.* at 744, 907 S.E.2d at 910. While Rule 701(2) provides that the Commission, in its discretion, may waive the requirement of filing a Form 44, Rule 701 "specifically requires that grounds for appeal be set forth with particularity." *Id.* (quoting *Adams*, 166 N.C. App. at 623, 603 S.E.2d at 406) (internal quotations omitted).

**WADE v. CAROLINA BRUSH MFG. CO.**

[187 N.C. App. 245 (2007)]

> [T]he portion of Rule 701 requiring appellant to state with particularity the grounds for appeal *may not be waived* by the Full Commission. Without notice of the grounds for appeal, an appellee has no notice of what will be addressed by the Full Commission. The Full Commission violated its own rules by failing to require that plaintiff state with particularity the grounds for appeal and thereafter issuing an Opinion and Award based solely on the record.

*Roberts*, 173 N.C. App. at 744, 619 S.E.2d at 910 (emphasis added).

The underlying facts in the instant case are identical to *Roberts*, which mandated that the decision of the Commission be reversed. However, in *Roberts*, Rule 801 was not at issue, and its impact on the relevant provisions of Rule 701 was not addressed.

### B. The Nature of Rule 801

The Commission's ruling contains sharply conflicting language. On the one hand, it states that, under Rule 801, the Commission is *obligated* in the interest of justice by plaintiff's *pro se* status to waive its own Rule 701 requirements. Yet, in the same sentence, it refers to the discretionary nature of Rule 801.

> [T]he interest of justice *obligates* the Commission, *in its discretion,* to waive the requirements of Rule 701(2) and (3) pursuant to . . . Rule 801 in light of plaintiff's status as a *pro se* appellant. (emphasis added)

The referenced rule, Industrial Commission Rule 801, provides that:

> In the interest of justice, these rules *may be waived* by the Industrial Commission. The rights of any unrepresented plaintiff will be given special consideration in this regard, to the end that a plaintiff without an attorney shall not be prejudiced by mere failure to strictly comply with any one of these rules.

Workers' Comp. R. of N.C. Indus. Comm'n 801, 2007 Ann. R. (N.C.) 1041 (emphasis added).

The use of the word "may" has been interpreted by our Supreme Court to connote discretionary power, rather than an obligatory one. *Wise v. Harrington Grove Cmty. Ass'n*, 357 N.C. 396, 402-03, 584 S.E.2d 731, 737 (2003); *In re Hardy*, 294 N.C. 90, 97, 240

S.E.2d 367, 372 (1978); *Felton v. Felton*, 213 N.C. 194, 198, 195 S.E. 533, 536 (1938).

We state unequivocally that the authority vested in the Commission under Rule 801 to waive violations of the rules in the interest of justice is discretionary and not obligatory. If the power was obligatory, then no *pro se* litigant could ever be required to follow any of the Industrial Commission rules.

Our standard of review of the Commission's exercise of a discretionary power is a deferential one, and the Commission's decision will not be overturned absent an abuse of discretion. "Abuse of discretion results where the . . . ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) (citing *State v. Parker*, 315 N.C. 249, 337 S.E.2d 497 (1985)).

There are two relevant portions of Rule 801: the first sentence dealing with waiver in the context of the "interest of justice," and the second sentence which gives deference to *pro se* litigants who fail to *strictly comply* with the rules promulgated by the Commission to govern the review process.

### C. Rule 801 and *Pro se* Litigants

Rule 801 provides that a *pro se* party shall not be prejudiced by a "mere failure to strictly comply with any one of these rules." In the instant case, plaintiff's conduct in failing to file or articulate any statement of grounds for her appeal to the Full Commission does not constitute a "mere failure to strictly comply with any one of the rules." Rather, it constitutes total noncompliance with a fundamental rule of the Commission, Rule 701(2), which, as noted, specifically requires that the grounds for the appeal be stated "with particularity." Workers' Comp. R. of N.C. Indus. Comm'n 701(2), 2007 Ann. R. (N.C.) 1038. We hold that the Commission's invocation of Rule 801 in the context of plaintiff's total failure to comply with the provisions of Rule 701 was an abuse of discretion.

It should be clearly understood that the Commission does have the discretion to apply Rule 801 in cases where a *pro se* litigant fails to *strictly* comply with the rules. Had the plaintiff filed a defective Form 44 or other document setting forth the grounds for appeal, even if inexpertly drawn, the Commission could have applied Rule 801 to waive strict compliance.

### D.  Rule 801 and the Interest of Justice

In addition to the discretionary powers pertaining to *pro se* litigants, the first sentence of the rule authorizes the waiver of the rules "[i]n the interest of justice." The concept of "interest of justice" is not limited to any particular litigant or a *pro se* litigant, but rather must encompass a sense of overall justice in the case. The application of this standard requires the Commission to consider not only the interests of all parties, but the goals and objectives of the Workers' Compensation Act, and the integrity of the adjudicatory process before the Commission. Implicit in the requirement of justice is that no rule of the Industrial Commission may compel a result incompatible with the fundamental rights of any party. *See Handy v. PPG Indus.*, 154 N.C. App. 311, 571 S.E.2d 853 (2002) (emphasizing the importance of neutrality and impartiality of any tribunal in maintaining the integrity of our judicial and quasi-judicial processes).

In *Roberts*, we emphasized that without compliance with the provisions of Rule 701(2), requiring appellants to state with particularity the grounds for appeal, "an appellee has no notice of what will be addressed by the Full Commission." *Roberts*, 173 N.C. App. at 744, 619 S.E.2d at 910. Such notice is required for the appellee to prepare a response to an appeal to the Full Commission. *See id.*

In this matter, the Full Commission incorporated its ruling on defendants' motion to dismiss into its Opinion and Award, and waived oral argument. Thus the defendant first learned of the grounds for appeal when it received the Opinion and Award. We find the Commission's actions troublesome. Without notice and a hearing, the Commission appears to have determined the possible grounds for plaintiff's appeal, found evidence in the record to support these grounds, and constructed legal arguments in support of these grounds. By so doing, the Commission placed itself in a dual role of advocate for the plaintiff and adjudicator of the case. This is inconsistent with the role of the Industrial Commission as set forth in Chapter 97 of the North Carolina General Statutes. *See Handy*, 154 N.C. App. at 317, 571 S.E.2d at 857-58.

We hold that the Commission's application of Rule 801, in light of plaintiff's "*pro se* status," to waive compliance with the provisions of Rule 701 in the interest of justice was an abuse of discretion. Its actions are incompatible with the fundamental right of defendants to notice of the grounds for plaintiff's appeal. *See id.*

We further hold that the Commission's denial of the defendants' motion to dismiss for failure to comply with the provisions of Rule 701 was in error. ·

### IV.  Conclusion

We hold that, under the specific facts of this case, the Industrial Commission abused its discretion in invoking the provisions of Rule 801 to waive plaintiff's compliance with the provisions of Rule 701(2). Consequently, we vacate the 23 February 2006 Opinion and Award and remand the matter to the Full Commission for entry of an order granting defendants' motion to dismiss.

Because of our holding above, we do not reach defendants' remaining assignments of error.

VACATED and REMANDED.

Judges WYNN and JACKSON concur.