DAVIS, Judge.
Danny Hopper appeals from the 24 January 2017 order of the North Carolina Industrial Commission dismissing his appeal based on his failure to file a Form 44 or a brief to the Full Commission. On appeal, Hopper argues that the Commission erred in dismissing his claim because it did not provide him with either a joint certification form by which to acknowledge his receipt of a Form 44 or an official record of the evidence from his hearing. After a thorough review of the record and applicable law, we affirm.
Factual and Procedural Background
Hopper was employed at Lakeside Mills, Inc. ("Lakeside Mills") when he sustained a knee injury while clearing out a blocked flour line on 26 April 2001. Lakeside Mills filed a Form 19 with the Commission on 1 May 2001 reporting the injury. On 29 May 2002, Hopper submitted a Form 18 "Notice of Accident" and a Form 33 "Request that Claim be Assigned for Hearing." Lakeside Mills and its insurance carrier, Penn Millers Insurance Company (collectively "Defendants"), submitted a Form 33R "Response to Request that Claim be Assigned for Hearing" on 15 July 2002 in which they admitted the compensability of Hopper's injury but were "unable to agree to the benefits claimed" by him. On 12 January 2006, a compromise settlement agreement was approved by Deputy Commissioner Robert J. Harris.
The present appeal stems from a motion filed by Hopper with the Commission on 22 November 2015 seeking the payment of additional medical bills by Defendants. The matter was set for hearing before Deputy Commissioner William H. Shipley on 11 March 2016. Due to Hopper's mobility issues related to his injury, all testimony was presented through depositions in lieu of a hearing. On 30 September 2016, Deputy Commissioner Shipley issued an opinion and award denying Hopper's claims for additional medical treatment.
Hopper appealed to the Full Commission on 2 October 2016. On 4 October 2016, the Commission sent an email to Hopper's attorney containing two attachments. The first attachment was a letter from the Commission acknowledging receipt of Hopper's Appeal. The second attachment was a blank Form 44 "Application for Review" for Hopper to use in stating the grounds for appeal to the Full Commission. The acknowledgment letter stated the following:
Since there is no transcript to be prepared for purposes of this appeal, the enclosed Form 44 must be completed by the appealing party and filed with the Industrial Commission within 25 days from receipt of this letter. ... The Form 44 should state in detail the grounds for appeal. ...
If you choose to file a brief, it should also be filed within 25 days from receipt of this letter and Form 44.
The email was addressed to the same email address that Hopper's attorney used throughout this litigation.
On 28 October 2016, Hopper's attorney emailed Traci Waldron, an administrative specialist for the Commission, to express her concern that she had not received a transcript of exhibits from the Commission or information regarding the filing deadline for Hopper's brief. Waldron responded by email on 31 October 2016, informing Hopper's attorney that an acknowledgment letter and Form 44 had been emailed to her on 4 October 2016. Waldron also attached a copy of the 4 October 2016 email. The 31 October 2016 email was sent to the same email address for Hopper's attorney as the 4 October 2016 email.
Hopper filed a motion with the Industrial Commission on 2 November 2016 titled "Motion to Comply with Rule 04 NCAC 10A.0701(B), and Provide an Official Transcript and Exhibits to the Parties as Mandated Pursuant to Rule 04 NCAC 10A.0701(B)." In his motion, Hopper asserted that his counsel did not receive the Commission's acknowledgment of his appeal or a Form 44 until Waldron's 31 October 2016 email. He sought to compel the Commission to comply with Industrial Commission Rule 701 by providing him with an official transcript and exhibits. On 4 November 2016, Defendants filed a motion to dismiss Hopper's appeal on the ground that he had failed to file either a Form 44 or a brief within 25 days of receiving the Commission's 4 October 2016 email.
The Commission entered an order denying Hopper's motion on 1 December 2016. On 6 December 2016, Hopper filed a petition for writ of mandamus with this Court, once again seeking to compel the Commission to comply with Rule 701. This Court denied his petition on 21 December 2016. Hopper then filed a petition for discretionary review, a petition for writ of certiorari , and a petition for writ of prohibition with our Supreme Court on 24 January 2017. That same day, the Commission granted Defendants' motion to dismiss Hopper's claim. On 30 January 2017, Hopper gave notice of appeal of the Commission's order.[1]
Analysis
Hopper's sole argument on appeal is that because the Commission did not provide him with a joint certification form or an official record of the evidence from his hearing it erred in dismissing his appeal based on his failure to file a timely Form 44 or a brief identifying the grounds for his appeal.
Appellate review of a decision by the Industrial Commission is limited to "reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." Deese v. Champion Int'l Corp. , 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Commission's findings of fact are thus conclusive on appeal when supported by competent evidence despite the existence of evidence in the record that might support contrary findings. McRae v. Toastmaster, Inc. , 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004). We review the Commission's conclusions of law de novo . Id. at 496, 597 S.E.2d at 701 (citation omitted).
Industrial Commission Rule 701 provides, in pertinent part, as follows:
(b) After receipt of a request for review, the Commission shall acknowledge the request for review by letter. The Commission shall prepare the official transcript and exhibits and provide them along with a Form 44 Application for Review to the parties involved in the appeal at no charge within 30 days of the acknowledgement letter. The official transcript and exhibits and a Form 44 Application for Review shall be provided to the parties electronically, where possible. In such cases, the Commission shall send an e-mail to the parties containing a link to the secure File Transfer Protocol (FTP) site where the official transcript and exhibits may be downloaded. The e-mail shall also provide instructions for the submission of the parties' acknowledgement of receipt of the Form 44 Application for Review and the official transcript and exhibits to the Commission. Parties represented by counsel shall sign a joint certification acknowledging receipt of the Form 44 Application for Review and the official transcript and exhibits and submit the certification within ten days of receipt of the Form 44 Application for Review and the official transcript and exhibits. The certification shall stipulate the date the Form 44 Application for Review and the official transcript and exhibits were received by the parties and shall note the date the appellant's brief is due.
....
(d) The appellant shall submit a Form 44 Application for Review upon which appellant shall state the grounds for the review. The grounds shall be stated with particularity, including the errors allegedly committed by the Commissioner or Deputy Commissioner and, when applicable, the pages in the transcript on which the alleged errors are recorded. Grounds for review not set forth in the Form 44 Application for Review are deemed abandoned, and argument thereon shall not be heard before the Full Commission.
(e) The appellant shall file the Form 44 Application for Review and brief in support of the grounds for review with the Commission with a certificate of service on the appellee within 25 days after receipt of the transcript or receipt of notice that there will be no transcript.
4 N.C. Admin. Code 10A.0701 (2017).
In Roberts v. Wal-Mart Stores, Inc. , 173 N.C. App. 740, 619 S.E.2d 907 (2005), we addressed the ramifications of a party's failure to file either a Form 44 or a brief to the Full Commission. Id . at 743, 619 S.E.2d at 910. In that case, the Commission permitted the plaintiff's appeal to go forward despite her failure to file a Form 44, a brief, or any other document "setting forth grounds for appeal with particularity." Id . at 744, 619 S.E.2d at 910. In reversing and vacating the Commission's decision, this Court held as follows:
[T]he portion of Rule 701 requiring appellant to state with particularity the grounds for appeal may not be waived by the Full Commission. Without notice of the grounds for appeal, an appellee has no notice of what will be addressed by the Full Commission. The Full Commission violated its own rules by failing to require that plaintiff state with particularity the grounds for appeal and thereafter issuing an Opinion and Award based solely on the record.
Id .
Likewise, Wade v. Carolina Brush Manufacturing Company , 187 N.C. App. 245, 652 S.E.2d 713 (2007), also involved a plaintiff who filed a notice of appeal from the deputy commissioner's decision but failed to file a Form 44, a brief, or any other document specifying the grounds for appeal. Id . at 247, 652 S.E.2d at 715. In its opinion and award, the Full Commission invoked Industrial Commission Rule 801-which gives the Commission discretionary authority to waive violations of its own rules in the interests of justice-and awarded the plaintiff disability compensation. Id . at 247-48, 652 S.E.2d at 715. On appeal, this Court vacated the Commission's decision and held that "the penalty for non-compliance with the particularity requirement is waiver of the grounds [for appeal], and, where no grounds are stated, the appeal is abandoned." Id . at 249, 652 S.E.2d at 715 (citation omitted).
In the present case, as in Roberts and Wade , Hopper never filed a Form 44, a brief, or any other document stating with particularity his grounds for appeal to the Full Commission. Even assuming arguendo that Hopper's attorney did not receive the Commission's original email containing the acknowledgment of his appeal and a Form 44 when it was initially sent on 4 October 2016, Hopper concedes in his appellate brief that his attorney received those documents when the Commission sent them again at her request on 31 October 2016. Thus, Hopper's attorney possessed the documents at issue by 31 October 2016 at the latest yet failed to file thereafter a Form 44 or a brief with the Commission within 25 days of receipt as required by Rule 701(e).
Hopper contends that he was "deprived of any opportunity to submit a brief" by the Commission's failure to provide him with an official record of the evidence from his hearing or a joint certification form. His argument lacks merit.
Rule 701(e) provides that "[t]he appellant shall file the Form 44 Application for Review and brief in support of the grounds for review with the Commission ... within 25 days after receipt of the transcript or receipt of notice that there will be no transcript ." 4 N.C. Admin. Code 10A.0701(e) (emphasis added). Thus, Rule 701(e) clearly contemplates a scenario like the present case in which the appellant will not be provided with a transcript. In such cases, an appellant is still required to submit a Form 44 and brief within 25 days of receiving notice that no transcript will be provided. Indeed, the Commission's letter acknowledging receipt of Hopper's appeal stated that "[s]ince there is no transcript to be prepared for purposes of this appeal, the enclosed Form 44 must be completed ... within 25 days from receipt of this letter[.]"
With regard to Hopper's assertion that the Commission erred in failing to provide him with a joint certification form, Rule 701(b) states only that "[p]arties represented by counsel shall sign a joint certification acknowledging receipt of the Form 44 Application for Review and the official transcript and exhibits[.]" 4 N.C. Admin. Code 10A.0701(b). The plain language of the rule merely requires that a joint certification be submitted by the parties. The rule does not-as Hopper contends-require the Commission to provide a joint certification form to the parties in cases where, as here, there was no transcript to be sent by the Commission to the parties.
Therefore, because Hopper failed to file a Form 44, a brief, or any other document stating with particularity the grounds for his appeal, we hold that he abandoned his appeal. Accordingly, the Commission did not err in granting Defendant's motion to dismiss Hopper's appeal.[2]
Conclusion
For the reasons stated above, we affirm the 24 January 2017 order of the Commission.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge TYSON concur.

Our Supreme Court denied Hopper's petition for discretionary review on 12 June 2017 and denied his petitions for writ of prohibition and writ of certiorari on 13 June 2017.

Based on our holding, we need not reach Defendants' additional arguments.