DEBORAH A. POLK, Employee, Plaintiff v. NATIONWIDE RECYCLERS, INC.,
Employer; TRAVELERS INSURANCE CO., Carrier, Defendants

No. COA07-1001

(Filed 19 August 2008)

**1. Workers' Compensation— post-injury employment—new employer—not make-work**

Plaintiff did not show that the Industrial Commission misapplied the law in a workers' compensation case or that its findings were not based on competent evidence where plaintiff contended that the Commission erred by concluding that she was not entitled to benefits under N.C.G.S. § 97-29. Plaintiff argued that her post-injury job was so modified as to constitute make-work, but plaintiff was hired after her injury by a separate company with knowledge of her restrictions, and the Commission had before it testimony from plaintiff's new supervisor that her position was not heavily modified.

**2. Workers' Compensation— election of remedies—not available**

The plaintiff in a workers' compensation case incorrectly argued that the Commission could not force her to elect a remedy for her disability. Defendant was permitted by statute to request a hearing as to plaintiff's benefits, and the plaintiff in this case did not have two remedies from which to choose.

**3. Workers' Compensation— findings by full Commission— restatement of unmodified deputy commissioner's findings—not necessary**

The Industrial Commission in a workers' compensation case was required to consider and evaluate all of the evidence, but was not required to restate findings from the original deputy commissioner's order that did not need modification.

**4. Workers' Compensation— findings by full Commission— new evidence**

The Industrial Commission erred in a workers' compensation case by not addressing a Form 22 ordered by the deputy commissioner and subsequently completed by defendant. The Full Commission must address the new evidence.

Appeal by plaintiff from an opinion and award entered 4 April 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 20 February 2008.

*Poisson, Poisson & Bower, PLLC, by Fred D. Poisson, Jr., and E. Stewart Poisson, for plaintiff-appellant.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Neil P. Andrews and Jennifer P. Pulley, for defendant-appellees.*

HUNTER, Judge.

Deborah A. Polk ("plaintiff") appeals from an opinion and award by the Industrial Commission resolving her claim for workers' compensation against former employer Nationwide Recyclers, Inc. ("defendant").[1] After careful review, we affirm in part and reverse in part.

I.

Defendant hired plaintiff to work as a wastewater operator on 3 June 2000. On 3 July 2000, plaintiff sustained a compensable injury to her elbow. Plaintiff was diagnosed with a contusion on her left elbow causing labored motion and lateral tenderness. The diagnosing doctor restricted plaintiff's gripping and other activities at work. After seeing a series of doctors and undergoing numerous tests and surgery, plaintiff was released to light duty work status on 7 May 2001. When plaintiff experienced no relief from her pain, she underwent further testing on 2 May 2002. She was released at maximum medical improvement on 1 July 2002 by her treating physician, who assigned her left arm a twelve percent permanent partial impairment rating.

Plaintiff was out of work and received benefits for this permanent partial disability under the Workers' Compensation Act from 5 April 2002 through 23 April 2003. When defendant could not accommodate her physical restrictions, she was terminated on 3 July 2002. Plaintiff continued to receive medical treatment. On 23 April 2003, plaintiff was hired as a dispatcher by Carolina By-Products.

On 4 February 2005, defendant filed Form 33, requesting that plaintiff's claim be assigned for hearing; per the form, defendant

---

1. Although both Nationwide Recyclers, Inc., and Travelers Insurance Co. are defendants in this action, for ease of reference, we use "defendant" to refer only to Nationwide Recyclers, Inc., plaintiff's employer.

**POLK v. NATIONWIDE RECYCLERS, INC.**

[192 N.C. App. 211 (2008)]

wished to begin paying permanent partial disability benefits to plaintiff and was requesting an order to do so. The deputy commissioner's opinion and award held that plaintiff was entitled to benefits under both N.C. Gen. Stat. § 97-29 (2007) for constructive (temporary total) disability and N.C. Gen. Stat. § 97-31 (2007) for her permanent partial disability, but that she was not required to make an election of these remedies. Defendant appealed to the Full Commission, which reversed the deputy commissioner and held that plaintiff was eligible for benefits only under N.C. Gen. Stat. § 97-31 and awarded her benefits under that statute, as well as attorney's fees and continuing medical treatment. Plaintiff appeals to this Court.

II.

Plaintiff makes two arguments pertaining to one of the few modifications made by the Full Commission to the deputy commissioner's order. Whereas the deputy commissioner awarded benefits to plaintiff under N.C. Gen. Stat. § 97-29, the Full Commission held that while plaintiff was not entitled to benefits under that statute, she *was* entitled to benefits under N.C. Gen. Stat. § 97-31(13) and could not delay filing for compensation under that statute. Plaintiff argues that the Full Commission erred in both conclusions. We consider plaintiff's arguments in turn.

A.

[1] Plaintiff first argues that the Full Commission's conclusion that she failed to show she is entitled to benefits under N.C. Gen. Stat. § 97-29 was in error both because it misapplies the law and because it is based upon findings of fact that are not supported by competent evidence in the record. Both points are without merit.

The deputy commissioner's order stated that plaintiff's "position with Carolina By-Products is overly modified and is not indicative of her wage-earning capacity in the competitive labor market." Pursuant to the Supreme Court's holding in *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 438, 342 S.E.2d 798, 806 (1986), the deputy commissioner concluded there was insufficient evidence in the record to make findings as to plaintiff's wage-earning capacity.

The Full Commission's opinion distinguished *Peoples* and reversed this conclusion, stating:

In asserting that she is entitled to temporary total disability benefits under N.C. Gen. Stat. § 97-29 for constructive disability,

plaintiff has relied on *Peoples* [], claiming that her current job is modified and, thus, an unreliable basis for determining her wage earning capacity. . . . The [Supreme] Court stated "proffered employment would not accurately reflect earning capacity . . . if [it] is so modified because of the employee's limitations that it is not ordinarily available in the competitive job market." [] However, the Full Commission finds the present case to be distinguished from *Peoples* in that the employment at issue with Carolina By-Products was actually obtained by plaintiff in the competitive market, and was not proffered by the defendant-employer. The Full Commission declines to interpret *Peoples* as holding that employment that was obtained in the competitive job market, and not proffered by the defendant-employer, is insufficient evidence of wage-earning capacity. The Full Commission further finds there to be insufficient evidence to find that plaintiff's job duties with Carolina By-Products have been modified and, thus, finds that plaintiff has shown that she is capable of employment in the competitive market at wages that are equal to or greater than her pre-injury average weekly wage. Thus, plaintiff has failed to show that she is entitled to temporary total disability benefits under N.C. Gen. Stat. § 97-29 for constructive disability.

Plaintiff argues that the Full Commission misapplied the law on this point. We disagree.

N.C. Gen. Stat. § 97-29 applies only to cases of total disability.

To support a conclusion of disability, the Commission must find: (1) that the plaintiff was incapable after his injury of earning the same wages he earned before his injury in the same employment, (2) that the plaintiff was incapable after his injury of earning the same wages he earned before his injury in any other employment and (3) that the plaintiff's incapacity to earn was caused by his injury.

*Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 378-79 (1986). Plaintiff testified that she earned more post-injury than she had pre-injury. Per *Peoples*, however, the post-injury job must have been attained in a competitive market; if the job provided post-injury was " 'so modified because of the employee's limitations that it is not ordinarily available in the competitive job market,' the job is 'make work' and is not competitive." *Jenkins v. Easco Aluminum,*

165 N.C. App. 86, 95, 598 S.E.2d 252, 258 (2004) (quoting *Peoples*, 316 N.C. at 438, 342 S.E.2d at 806).

Plaintiff argues that her position with Carolina By-Product—her post-injury employment—was so modified as to constitute make work. Plaintiff makes much of the fact that other employees had to assist her with her duties; however, as the Full Commission noted, when plaintiff was hired by Carolina By-Products after her injury, the company "was aware of her restrictions[.]" Plaintiff does not dispute the Full Commission's conclusion that the employment with Carolina By-Products "was actually obtained by plaintiff in the competitive market, and was not proffered by the defendant-employer."

Plaintiff argues that the position was thereafter modified to the extent that it is not indicative of her ability to find employment elsewhere. *See Peoples*, 316 N.C. at 438, 342 S.E.2d at 806. This argument bleeds into her next argument: That the Full Commission's conclusion on this point was not based on competent findings of fact. Essentially, plaintiff argues that the Commission should have believed her version of the facts (wherein her duties were heavily modified to suit her physical limitations) rather than the testimony of Roger Dunhoft ("Dunhoft") (wherein her duties were not heavily modified) because he did not have adequate knowledge of her situation. She asks this Court to disregard his testimony on that basis. However,

> [t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. The courts may set aside findings of fact only upon the ground they lack evidentiary support. The court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.

*Anderson v. Construction Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965) (citations omitted).

It is clear from the record that Dunhoft was plaintiff's direct supervisor for nearly a year and had contact with her on a daily basis. He testified as to her assigned work, the work of persons in the same job, and modifications that had been made for plaintiff because of her disability. This testimony is covered in detail in the Full Commission's findings of fact 21 and 22. We cannot say, therefore, that no evidentiary basis exists to support the Full Commission's findings on these points.

Because plaintiff has not shown that the Full Commission misapplied the law nor that its findings of fact were not based on competent evidence, we overrule these assignments of error.

B.

[2] As this Court has noted before, the other method by which benefits may be claimed under the Workers' Compensation Act is provided by N.C. Gen. Stat. § 97-31. The Full Commission's conclusion as to this statute stated:

> [T]he only remedy available to plaintiff at this juncture is to receive payment for the twelve percent (12%) permanent partial disability rating to her left arm per N.C. Gen. Stat. § 47-31(13). [Plaintiff's doctor] found plaintiff to be at maximum medical improvement following her second surgery on July 1, 2002, and assigned the twelve percent (12%) rating to plaintiff's left arm. Maximum medical improvement is defined as the point [at] which the condition or injury has stabilized with respect to further improvement. . . . [Plaintiff's doctor] testified that as of July 1, 2002, plaintiff's injury had stabilized. Based on the evidence of record, plaintiff has provided no rational basis—in law or fact—upon which to find that plaintiff should be able to defer the only remedy available to her at this juncture, which is to receive payment for the twelve percent (12%) permanent partial disability rating to her left arm per N.C. Gen. Stat. § 97-31(13).

Plaintiff argues that defendant cannot force her to elect a remedy for her disability. This argument is flawed in two respects: First, per N.C. Gen. Stat. § 97-83 (2007), "upon the arising of a dispute under this Article, either party may make application to the Commission for a hearing in regard to the matters at issue, and for a ruling thereon"; thus, defendant was permitted to request a hearing as to plaintiff's benefits under the Act in the first place. Second, per the Full Commission's ruling, plaintiff does not have two remedies between which to pick; the Full Commission held that she is entitled to benefits only under N.C. Gen. Stat. § 97-31, a ruling we affirmed above. Thus, this argument is without merit.

We note that plaintiff argues at length that *Knight v. Wal-Mart Stores, Inc.*, "expressly gives the choice solely to the claimant as to when to make an election with regard to benefits for permanent injury" and states that "the right to petition the Commission to seek indemnity compensation lies with the claimant, not the defendants[.]"

*Knight*, 149 N.C. App. 1, 16, 562 S.E.2d 434, 445 (2002). This argument misconstrues the holding of *Knight*. Plaintiff quotes this portion of the opinion in support of her argument: "MMI represents the first point in time at which the employee may elect, if the employee so chooses, to receive scheduled benefits for a specific physical impairment under N.C. Gen. Stat. § 97-31[.]" *Id.* (emphasis omitted). However, this statement is a summary point within an extended explanation of how the concept of MMI relates to N.C. Gen. Stat. §§ 97-29 and -31, as shown in this quote:

> There is a great deal of confusion regarding what significance, if any, the concept of MMI has within the context of a loss of wage-earning capacity pursuant to either N.C. Gen. Stat. § 97-29 or § 97-30, and this confusion has produced two lines of case law exemplified recently in two opinions simultaneously issued by this Court. . . .

> We have concluded that the primary significance of the concept of MMI is to delineate a crucial point in time only within the context of a claim for scheduled benefits under N.C. Gen. Stat. § 97-31, and that the concept of MMI does not have any direct bearing upon an employee's right to continue to receive temporary disability benefits once the employee has established a loss of wage-earning capacity pursuant to N.C. Gen. Stat. § 97-29 or § 97-30.

*Id.* at 13-14, 562 S.E.2d at 443 (emphasis omitted). This meaning can also be seen if the context of the quote plaintiff uses is given:

> The primary significance of the concept of MMI . . . is to delineate when "the healing period" ends and the statutory period begins in cases involving an employee who may be entitled to benefits for a physical impairment listed in N.C. Gen. Stat. § 97-31. In other words, MMI represents the first point in time at which the employee may elect, *if the employee so chooses*, to receive scheduled benefits for a specific physical impairment under N.C. Gen. Stat. § 97-31 (without regard to any loss of wage-earning capacity). MMI does not represent the point in time at which a loss of wage-earning capacity under N.C. Gen. Stat. § 97-29 or § 97-30 automatically converts from "temporary" to "permanent."

*Id.* at 16, 562 S.E.2d at 445 (footnote omitted). Plaintiff misconstrues the holding of *Knight*, which in no way bars defendant from asking the Full Commission to resolve this case.

III.

**[3]** Plaintiff next argues that the Full Commission did not, as it is required to do, consider all evidence presented. Essentially, plaintiff's argument is that the Full Commission must not have considered the evidence presented because it did not indicate having done so by making findings of fact regarding them. Part of her argument is that the deputy commissioner's order did so, and thus the Full Commission erred in not including them as well. This argument is without merit.

It is true that "before finding the facts, the Industrial Commission must consider and evaluate all of the evidence[,]" *Lineback v. Wake County Board of Commissioners*, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997), and "may not discount or disregard any evidence, but may choose not to believe the evidence after considering it." *Weaver v. American National Can Corp.*, 123 N.C. App. 507, 510, 473 S.E.2d 10, 12 (1996) (emphasis omitted). However, in this case, the Full Commission's opinion states outright that it "affirms the Opinion and Award of Deputy Commissioner Deluca *with modifications.*" (Emphasis added.) That is, the Full Commission's opinion is not an order meant to stand on its own, but rather a modification of the deputy commissioner's order. As plaintiff herself states, the facts at issue were included in the deputy commissioner's order. We see no reason to require that such an order restate all the findings of fact and conclusions of law from the original order that need no modification. Considering that defendants filed an appeal containing thirty-two alleged errors, it is not surprising that the Full Commission did not address each individually.

**[4]** However, the same does not hold true for plaintiff's argument about the Full Commission's failure to address the adjustment of her weekly wage in its order. The deputy commissioner's order stated: "Defendants[2] shall complete a Form 22 and pay any arrearages that it may indicate." Defendant subsequently completed a Form 22 and filed a notice of appeal as to that portion of the order. The Full Commission's opinion and award does not address the form or that appeal, which plaintiff argues was error. We agree. The Full Commission's opinion and award simply repeats the finding of fact as to plaintiff's weekly wage made by the deputy commissioner's opinion and award, with no reference to the Form 22 filed by defendant in the interim. Whereas with other omitted findings we may assume that the

---

2. "Defendants" (plural) here refers to both defendant-employer and defendant Travelers Insurance Co.

SMITH v. BLYTHE DEV. CO.

[192 N.C. App. 219 (2008)]

Full Commission simply wished to affirm the deputy commissioner's opinion and award, here new evidence has arisen between the hearings, and the Full Commission must address that new evidence in its opinion and award. As such, we reverse only the portion of the opinion and award that calculates plaintiff's weekly wage and remand to the Full Commission for findings only as to this figure.

IV.

Because there is no evidence in the record that the Full Commission considered the Form 22 filed by defendant, we remand to the Full Commission for findings only as to the calculation of plaintiff's weekly wage. Because the Full Commission did not otherwise err in its opinion and award, we affirm as to the remainder.

Affirmed in part; reversed in part.

Judges BRYANT and JACKSON concur.