***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives. The Full Commission AFFIRMS with modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has *Page 2 
jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The date of the injury by accident is January 24, 2004.
4. At the time of the injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and there was an employer/employee relationship between the parties. Sedgwick CMS is the carrier on the risk.
5. On January 24, 2004, Plaintiff sustained an injury by accident arising out of and in the course of her employment.
6. Plaintiff's average weekly wage while employed by employer was $628.48, yielding a compensation rate of $418.99.
7. Plaintiff's permanent partial disability rating is accurately indicated by the medical records.
8. Plaintiff's medical records are admitted into evidence, as well as all Industrial Commission forms filed in this case, as Stipulated Exhibit #1.
9. The Pre-Trial Agreement was submitted post-hearing and is entered into evidence as Stipulated Exhibit #2.
10. The letter from Dr. Dimmig dated January 7, 2010 is admitted into evidence as Stipulated Exhibit #3.
11. No other exhibits that were submitted post-hearing are admitted into evidence.
 ***********
Based upon the competent evidence of record and the reasonable inferences there from, the Full Commission makes the following additional: *Page 3 
 FINDINGS OF FACT
1. This case arises from injuries suffered by Plaintiff on January 24, 2004.
2. On January 24, 2004, Plaintiff worked as a paramedic for Defendant Granville County Emergency Medical Services.
3. Plaintiff's average weekly wage is $628.48, corresponding to a weekly compensation rate of $418.99.
4. On January 24, 2004, Plaintiff was lifting a patient onto a stretcher, stepped off of a raised pavement and misjudged the distance between the pavement and the ground below, and felt a sharp pain in her back.
5. Plaintiff began treating with Dr. Thomas A. Dimmig on July 21, 2004, where she complained of back pain, and was diagnosed with moderate degenerative changes and lumbar disc displacement. An MRI was subsequently performed on August 2, 2004, which revealed a herniated disc at L1-S1.
6. Plaintiff underwent a hemilaminectomy discectomy of the right L1-S1 on September 23, 2004.
7. After her surgery, Plaintiff participated in physical therapy, and was released to full duty work. However, due to continuing pain, Plaintiff continued treating with Dr. Dimmig and on June 1, 2005, a MRI was completed which revealed a broad-based bulge at L5-S1. Dr. Dimmig recommended Plaintiff undergo a total disc replacement.
8. Plaintiff received a second opinion on August 18, 2005, from Dr. T. Craig Derian, who recommended decompression as opposed to artificial disc replacement surgery.
9. Plaintiff received a third opinion from Dr. Mark Mikles who recommended a total disc replacement. *Page 4 
10. On April 26, 2006, Plaintiff underwent an anterior lumbar total disc replacement. Plaintiff was later prescribed physical therapy and was ultimately written out of work until April 26, 2007.
11. On April 26, 2007, Dr. Dimmig assessed that Plaintiff was at maximum medical improvement and assigned a 25% permanent partial impairment rating to Plaintiff's back. Dr. Dimmig further assigned a full duty work release including the restriction of no lifting greater than 25 pounds.
12. Plaintiff underwent an independent medical evaluation by Dr. William A. Somers on August 8, 2007, who assessed Plaintiff with a 30% permanent partial impairment rating, along with restrictions including no lifting greater than 45-50 pounds.
13. Plaintiff last treated with Dr. Dimmig on April 18, 2008, where a satisfactory recovery was noted.
14. Up to April 26, 2007, Plaintiff was entitled to and was receiving temporary total disability benefits at a rate of $418.99 per week. Plaintiff continued receiving indemnity benefits beyond April 26, 2007, including temporary total and temporary partial disability benefits until July 31, 2008 totaling $18,293.24.
15. On December 17, 2007, Plaintiff began working at Westchester Pet Resort in Virginia and worked there until April, 2009. She was working approximately 20 hours per week, where at first she was paid $10.00 per hour for a weekly wage of $200.00. After Plaintiff completed a canine exam on June 16, 2008, her pay was increased to $12.00 per hour, for a weekly wage of $240.00.
16. Plaintiff began also working at Southside Regional Medical Center on January 7, 2008 and worked there until April, 2009. At Southside, Plaintiff was being paid $35.00 per hour *Page 5 
and was working approximately 12 hours per week, for a week wage of $420.00. Plaintiff maintained these two jobs concurrently until April 27, 2009. Combining Plaintiff's wages of $200.00 and $420.00 a week from January 7, 2008 until June 16, 2008, Plaintiff's wages were $620.00 per week, for this period. Plaintiff then began earning $660.00 a week from the combined income of $240.00 a week and $420.00 which is greater than her pre-injury wages of $628.48. Defendants correctly terminated Plaintiff's compensation.
17. On April 27, 2009, Plaintiff became employed as a physical therapy assistant and remains in that position. Plaintiff's average weekly wage at the time of hearing and after April 27, 2009 was at or greater than her pre-injury wages. Plaintiff also currently runs her own business as a pet therapist. As of the date of hearing, Plaintiff was treating three dogs twice a week at a rate of $35.00 per session.
18. The Full Commission finds the report of Dr. Dimmig to be most credible, and therefore specifically finds the following as fact:
 a. Plaintiff reached maximum medical improvement on April 26, 2007.
 b. Plaintiff has been assigned a 25% permanent partial impairment rating to her back.
 c. Plaintiff should not experience any future complications or costs related to the disc replacement surgery and interventional treatment is not anticipated.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following additional:
 CONCLUSIONS OF LAW *Page 6 
1. Plaintiff suffered a compensable injury by accident on January 24, 2004. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to the most munificent remedy under the Workers' Compensation Act. Plaintiff reached maximum medical improvement on April 26, 2007 and has been found to have sustained permanent injury with a 25% permanent partial impairment rating to her back, at the weekly compensation rate of $418.99 totaling $31,423.00, which is the appropriate award is under N.C. Gen. Stat. § 97-31(23). Vernon v. Steven L. MabeBuilders, 336 N.C. 425, 444 S.E.2d 191 (1994).
3. Plaintiff received indemnity benefits, including temporary total and temporary partial benefits beyond April 26, 2007 up to July 31, 2008 totaling $18,293.24.
4. Plaintiff is no longer entitled to benefits under N.C. Gen. Stat. §§ 97-29 or 97-30 and may not delay the only benefit available to her under N.C. Gen. Stat. § 97-31, thus, Plaintiff and is required to elect her remedy under N.C. Gen. Stat. § 97-31. Polk v. Nationwide Recyclers,Inc., 664 S.E.2d 619 (N.C. Ct. App. 2008.)
5. Pursuant to N.C. Gen. Stat. § 97-42, Defendants are entitled to a credit toward Plaintiff's benefits under N.C. Gen. Stat. § 97-31 of $18,293.24 due to continued payments pursuant to N.C. Gen. Stat. §§ 97-29 and 97-30 after Plaintiff reached maximum medical improvement. Moretz v.Richards Assoc. 316 N.C. 539, 342 S.E.2d 844 (1986).
6. Plaintiff is entitled to have defendants pay for medical bills and expenses incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability as in N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. § 97-2(19).
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following: *Page 7 
 AWARD
1. Pursuant to N.C. Gen. Stat. §§ 97-31 and 97-42, Plaintiff is hereby granted benefits in the amount of $13,129.76 for her twenty-five percent (25%) permanent partial impairment rating to her back, which corresponds to the total amount due of $31,423.00, less the amount of credit Defendants are due of $18,293.24 for the overpayment of benefits.
2. Defendants shall pay for medical treatment for any outstanding medical bills or expenses related to Plaintiff's injury by accident that provided relief, effected a cure or lessened the period of disability.
3. Defendants shall pay its own costs.
This ___ day of July, 2011.
 S/_____________________
 CHRISTOPHER S. SCOTT
 COMMISSIONER
CONCURRING:
S/_________________ DANNY McDONALD COMMISSIONER
S/_______________ STACI T. MEYER COMMISSIONER *Page 1