NO. COA14-313

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

THOMAS F. ADCOX,
        Employee,
        Movant,

    v.                                    Johnston County
                                          No. 13 CVS 1106
CLARKSON BROTHERS CONSTRUCTION
COMPANY,
        Employer,
and
UTICA MUTUAL INSURANCE COMPANY,
        Carrier,
        Defendants.


    Appeal by plaintiff from order entered 17 September 2013 by

Judge Thomas H. Lock in Johnston County Superior Court.   Heard

in the Court of Appeals 28 August 2014.


    *R. James Lore, Attorney at Law, by R. James Lore; and
    Nicholls & Crampton, PA, by Nicholas J. Dombalis, II, for
    plaintiff-appellant.*

    *Hedrick, Gardner, Kincheloe & Garofalo, LLP, by Kari L.
    Schultz and M. Duane Jones, for defendants-appellees.*


    GEER, Judge.


    In  a  27  March  2008  opinion  and  award,  the  deputy

commissioner approved an attorneys' fee of 25% of the attendant

care compensation awarded to plaintiff Thomas F. Adcox for his

wife's   services.    Although   defendants   Clarkson   Brothers

Construction Company and Utica Mutual Insurance Company asked the Full Commission to reverse this award, the Commission, in a 25 November 2008 opinion and award, affirmed the deputy commissioner's opinion and award with modifications only as to the amount and rate of pay for the attendant care -- the Commission did not specifically address the 25% attorneys' fee award.

Subsequently, plaintiff filed a motion seeking an order requiring that the 25% be paid directly to plaintiff's counsel in order to alleviate the bookkeeping burden on plaintiff's wife. Defendants contended -- and the Commission agreed in an order entered 10 December 2012 -- that the Commission's November 2008 opinion and award, by not specifically mentioning the attorneys' fees, necessarily denied plaintiff's attorneys' request for approval of a fee. Plaintiff appealed to the superior court, and the trial court dismissed his appeal on the grounds that the Commission had not, in its December 2012 order, denied a request for fees.

We cannot agree with the Commission's and defendants' position that the November 2008 opinion and award denied plaintiff's attorneys' request for fees. Defendants' contention that the Commission *sub silentio* reversed the deputy commissioner's award of fees is not tenable and is inconsistent

with controlling authority. The Commission's silence in November 2008 on the issue of the deputy commissioner's award of attorneys' fee can be interpreted in only one of two ways: either the Commission affirmed the deputy commissioner or the Commission did not address the issue.

In either event, defendants bore the burden to appeal that opinion and award to this Court. When they failed to do so, the deputy commissioner's approval of an attorneys' fee became the law of the case, and the Commission had no authority to declare, in December 2012, that the original panel had reversed the deputy commissioner and denied plaintiff's request for approval of an attorneys' fee. Consequently, we reverse and remand to the trial court for further remand to the Commission for reconsideration of plaintiff's motion.

### Facts

On 28 February 1983, while employed by defendant Clarkson, plaintiff suffered an admittedly compensable head injury that left him permanently and totally disabled. Defendant Clarkson and defendant Utica National Insurance Group agreed to compensate plaintiff for his disability at a weekly rate of $248.00.

In February 2003, the parties filed a settlement agreement pursuant to which defendants agreed to pay plaintiff a lump sum

of $250,000.00 in reimbursement for attendant care services provided by plaintiff's family members, including his wife Joyce Adcox, from 28 February 1983 until 3 February 2003. The Commission approved a 25% attorneys' fee for plaintiff's counsel, which was deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Thereafter, defendants authorized and began providing plaintiff with 60 hours of in-home professional attendant care services per week, provided by Kelly Home Health Services.

In 2007, Mrs. Adcox retired, and plaintiff moved to have defendants pay Mrs. Adcox directly for attendant care services instead of Kelly Services. The matter was heard by Deputy Commissioner John B. DeLuca on 30 August 2007. On 27 March 2008, the deputy commissioner entered an opinion and award allowing Mrs. Adcox to assume attendant care responsibilities seven days a week at a rate of $188.00 per day. In his award, the deputy commissioner ordered that "[a]n attorneys' fee of 25% of the attendant care compensation is approved for the Plaintiff's counsel."

Both parties appealed to the Full Commission. On 25 November 2008, the Full Commission entered an opinion and award affirming the deputy commissioner's opinion and award "with modifications including the amount of attendant care and rate of

pay for said care." The Full Commission allowed Mrs. Adcox to assume attendant care responsibilities seven days per week for 16 hours per day at a rate of $10.00 per hour. The opinion and award did not mention the 25% attorneys' fee award to plaintiff's counsel. Plaintiff appealed to this Court for reasons unrelated to the 25% attorneys' fee award. Defendants chose not to appeal. On 8 December 2009, this Court affirmed the 25 November 2008 opinion and award. *See Adcox v. Clarkson Bros. Constr. Co.*, 201 N.C. App. 446, ___ S.E.2d ___, 2009 WL 4576065, 2009 N.C. App. LEXIS 2308 (2009) (unpublished).

On 12 July 2012, plaintiff filed a motion with the Full Commission requesting that it direct payment of the attorneys' fees to plaintiff's counsel. The motion explained that "Mrs. Adcox is responsible for her own income tax record-keeping and reporting of the attendant care income she receives. For tax purposes the failure by the carrier to direct separate checks makes it appear as though Mrs. Adcox's attendant care income is higher than it actually is." Plaintiff requested that defendants be ordered to deduct 25% of the compensation payable to Mrs. Adcox to be paid directly to plaintiff's counsel because the record keeping "has become burdensome for Mrs. Adcox."

A new panel of commissioners heard plaintiff's 2012 motion. Commissioners Linda Cheatham and Tammy R. Nance replaced

Commissioners Dianne C. Sellers and Laura Kranifeld Mavretic from the original 2008 panel. Commissioner Danny Lee McDonald served on both panels. On 10 December 2012, the Full Commission entered an order denying plaintiff's motion.

The Commission found that both parties had appealed Deputy Commissioner DeLuca's opinion and award to the Full Commission. Regarding defendants' appeal, the Commission noted that although defendants had not specifically assigned error to the attorneys' fee award in their form 44, they had generally challenged each paragraph of the deputy's award and had addressed the 25% attorneys' fee award in their brief to the Commission. The Commission then concluded:

> The Full Commission's Opinion and Award filed on November 25, 2008 directs Defendants to pay Mrs. Adcox for attendant care services from the date of the filing of the Opinion and Award at a rate of $10.00 per hour, 7 days per week, 16 hours per day. The Opinion and Award does not include an award of attorneys' fees for Plaintiff's counsel.
>
> Plaintiff appealed the Full Commission's decision to the North Carolina Court of Appeals. Based upon a review of the Court's Opinion, it does not appear that Plaintiff assigned error to the Full Commission's decision in its Opinion and Award not to award an attorneys' fee to Plaintiff's counsel.
>
> As Plaintiff seeks to have the Full Commission direct Defendants to deduct and pay directly to counsel for Plaintiff

> attorneys' fees which have not been awarded by the Full Commission, Plaintiff's Motion to Direct Payment of Attorneys' Fees to Plaintiff's Counsel is hereby DENIED.

Commissioner McDonald -- the one commissioner who had served on the 25 November 2008 panel -- dissented without opinion.

On 12 December 2012, plaintiff appealed the order to superior court pursuant to N.C. Gen. Stat. § 97-90. On 19 June 2013, defendants moved to dismiss plaintiff's appeal pursuant to Rules 12(b)(1), (2), and (6) of the Rules of Civil Procedure. On 25 June 2013, plaintiff moved to strike defendants' motion to dismiss for lack of standing.

After a 26 August 2013 hearing, the trial court entered an order dismissing plaintiff's appeal on 17 September 2013. The trial court took judicial notice of the 25 November 2008 opinion and award and the 10 December 2012 order of the Full Commission. It found in pertinent part:

> (2) that the December 10, 2012 Order from which Movant now purportedly appeals did not deny any attorneys fees, but simply clarified that the Commission had not awarded attorneys fees in the November 25, 2008 Order;
>
> (3) that Movant's litigated request for attorney fees was denied on November 25, 2008;
>
> (4) that Movant's current request for attendant care attorney fees per N.C. Gen. Stat. § 9-90 [sic] should be barred by § 97-90 and the doctrine of *res judicata*;

(5) that the November 25, 2008, Order of the North Carolina Industrial Commission and the parties' appeal therefrom to the North Carolina Court of Appeals, represented a final judgment on the merits as to the issue of any attorney fee based on a percentage of attendant care medical benefits provided to Movant pursuant to North Carolina General Statutes § 97-25, which is the only claim at issue in this litigation[.]

The trial court, therefore, dismissed plaintiff's appeal with prejudice. Plaintiff timely appealed to this Court.

## Discussion

Plaintiff first contends that defendants lacked standing to oppose both his motion to the Full Commission and his appeal from the 10 December 2012 decision of the Full Commission to superior court. As explained by this Court in *Diaz v. Smith*, ___ N.C. App. ___, ___, 724 S.E.2d 141, 144 (2012) (internal citations and quotation marks omitted):

The Workers' Compensation Act provides that an appeal from an opinion and award of the Industrial Commission is subject to the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions. Under N.C. Gen. Stat. § 1-271 (2009), "[a]ny party aggrieved" is entitled to appeal in a civil action. A party aggrieved is one whose legal rights have been denied or directly and injuriously affected by the action of the trial tribunal. If the party seeking appeal is not an aggrieved party, the party lacks standing to challenge the lower tribunal's action and any attempted appeal

must be dismissed.

Plaintiff argues that because his motion to direct payments to plaintiff's counsel does not affect the total amount to be paid by defendants, defendants are not an "aggrieved" party. Defendants counter that they are an "aggrieved" party because (1) "if Plaintiff's Counsel is awarded attorney's fees as a result of this appeal, Defendants would either be required to pay an additional 25% in the form of attorneys [sic] fees, or fund Plaintiff's Counsel's attorney's fees by reducing the amount of compensation to Mrs. Adcox, thereby subjecting Defendants to liability for compensation owed to Mrs. Adcox, as mandated in the Opinion and Award" and (2) "allowing a plaintiff's counsel to have a pecuniary interest in an authorized medical provider could create a conflict between his obligations to represent his client and a defendant's obligation to manage medical treatment pursuant to N.C. Gen. Stat. § 97-25."

Because of our resolution of this appeal, we need not decide whether defendants have standing in this case to challenge an award of attorneys' fees to plaintiff's attorney that does not affect the total amount payable by defendants. We express no opinion whether defendants' contentions are

sufficient to make them aggrieved parties for purposes of an appeal.

Plaintiff's primary argument on appeal is that the trial court erred in finding that the Full Commission denied his request for attorneys' fees in its 25 November 2008 opinion and award and, as a result, erred in dismissing his appeal on the grounds of res judicata. Plaintiff argues that the deputy commissioner's award of attorneys' fees became final when defendants did not specifically assign as error the award of attorneys' fees in their Form 44 as required by Rule 701 of the Workers' Compensation Rules of the North Carolina Industrial Commission. Alternatively, plaintiff argues that the Commission affirmed the award of attorneys' fees. We review these questions of law de novo. *McAllister v. Wellman, Inc.*, 162 N.C. App. 146, 148, 590 S.E.2d 311, 312 (2004).

Rule 701 provides:

> (2) After receipt of notice of appeal, the Industrial Commission will supply to the appellant a Form 44 Application for Review upon which appellant must state the grounds for the appeal. The grounds must be stated with particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner and, when applicable, the pages in the transcript on which the alleged errors are recorded. *Failure to state with particularity the grounds for appeal shall result in abandonment of such grounds, as provided in paragraph (3). . . .*

> (3) *Particular grounds for appeal not set forth in the application for review shall be deemed abandoned*, and argument thereon shall not be heard before the Full Commission.

(Emphasis added.)

This Court has emphasized that "the portion of Rule 701 requiring appellant to state with particularity the grounds for appeal may not be waived by the Full Commission. Without notice of the grounds for appeal, an appellee has no notice of what will be addressed by the Full Commission." *Roberts v. Wal-Mart Stores, Inc.*, 173 N.C. App. 740, 744, 619 S.E.2d 907, 910 (2005). "Such notice is required for the appellee to prepare a response to an appeal to the Full Commission." *Wade v. Carolina Brush Mfg. Co.*, 187 N.C. App. 245, 252, 652 S.E.2d 713, 717 (2007). Thus, "the penalty for non-compliance with the particularity requirement is waiver of the grounds, and, where no grounds are stated, the appeal is abandoned." *Id*. at 249, 652 S.E.2d at 715.

Defendants argue that they properly appealed the issue of attorneys' fees to the Full Commission because they specifically listed Deputy Commissioner DeLuca's Award, which included the award of attorneys' fees, in the third assignment of error on their Form 44 Application for review:

> Deputy Commissioner John B. DeLuca's Award,

> dated March 27, 2008, on the grounds that it is based upon Findings of Fact and Conclusions of Law which are erroneous, not supported by competent evidence or evidence of record, and are contrary to the competent evidence of record, and are contrary to law: Award Nos. 1-3.

This assignment of error is similar to the appellant's assignment of error in *Walker v. Walker*, 174 N.C. App. 778, 782, 624 S.E.2d 639, 642 (2005), which asserted generally that several rulings of the trial court were "'erroneous as a matter of law.'" In concluding that this assignment of error was insufficient under the 2005 version of Rule 10 of the Rules of Appellate Procedure, this Court held that the "assertion that a given finding, conclusion, or ruling was 'erroneous as a matter of law'" violated Rule 10 because it "completely fail[ed] to *identify* the issues actually briefed on appeal." *Walker*, 174 N.C. App. at 782, 624 S.E.2d at 642. Instead, "'[s]uch an assignment of error is designed to allow counsel to argue anything and everything they desire in their brief on appeal. This assignment -- like a hoopskirt -- covers everything and touches nothing.'" *Id.* at 783, 624 S.E.2d at 642 (quoting *Wetchin v. Ocean Side Corp.*, 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005)).

Similarly, here, defendant's assignment of error "'covers everything and touches nothing.'" *Id.* (quoting *Wetchin*, 167

N.C. App. at 759, 606 S.E.2d at 409). Although it states a general objection to each paragraph of the award (without specifically mentioning the attorneys' fee award), it does not state the basis of any objection to the attorneys' fee award with sufficient particularity to give plaintiff notice of the legal issues that would be addressed by the Full Commission such that he could adequately prepare a response. *See Roberts*, 173 N.C. App. at 744, 619 S.E.2d at 910.

Defendants' third assignment of error also is in stark contrast to defendants' fourth assignment of error: "Deputy Commissioner John B. DeLuca's Award dated March 27, 2008, in that it failed to award attorney fees as requested by Defendants pursuant to §97-88.1." In this assignment of error, defendants indicated specifically which particular aspect of the award they challenged. Significantly, defendants did not include a similar assignment of error for the award of attorneys' fees challenged here.

Defendants nonetheless contend that they met the particularity requirement by addressing the question of attorneys' fees in their brief to the Full Commission, citing *Cooper v. BHT Enters.*, 195 N.C. App. 363, 672 S.E.2d 748 (2009). In *Cooper*, the plaintiff argued that, pursuant to *Roberts*, the defendant's failure to file a Form 44 constituted an abandonment

of defendants' grounds for appeal to the Full Commission, and therefore the Commission erred by hearing the appeal. *Id.* at 368, 672 S.E.2d at 753. This Court disagreed, reasoning that

> unlike the appealing plaintiff in *Roberts*, defendants in the present case complied with Rule 701(2)'s requirement to state the grounds for appeal with particularity by timely filing their brief after giving notice of their appeal to the Full Commission. Additionally, plaintiff does not argue that she did not have adequate notice of defendants' grounds for appeal. Plaintiff asserts only that defendants' failure to file a Form 44 should have been deemed an abandonment of defendants' appeal. Since both this Court and the plain language of the Industrial Commission's rules have recognized the Commission's discretion to waive the filing requirement of an appellant's Form 44 where the appealing party has stated its grounds for appeal with particularity in a brief or other document filed with the Full Commission, we overrule these assignments of error.

*Id.* at 368-69, 672 S.E.2d at 753-54.

In other words, failure to file a Form 44 does not automatically result in a mandatory dismissal of the appeal by the Industrial Commission -- it is within the discretion of the Commission whether to deem the grounds for appeal waived. In determining whether the Commission abused its discretion in deciding not to deem an issue on appeal waived, this Court in *Cooper* considered whether the appellant provided the appellee with adequate notice of the grounds for appeal through other

means such as addressing the issue in its brief to the Full Commission.

Here, unlike in *Cooper*, the Commission did not explicitly address the issue purportedly raised by defendants on appeal in its opinion and award. Under *Cooper*, it would not have been an abuse of discretion for the Commission to address the attorneys' fee issue, but it is unclear whether the Commission considered the issue or not. Although defendants contend that the "Full Commission Award removed the appealed prior award of attendant care attorney fees and awarded attendant care compensation to be paid directly to Mrs. Adcox[,]" nothing in the Commission's Opinion and Award indicates that it was "remov[ing]" the attorneys' fee award. Defendants have cited no authority -- and we have found none -- supporting their position that silence by the Commission regarding a determination by the deputy commissioner can amount to reversal.

In fact, this Court has already rejected such a contention in *Polk v. Nationwide Recyclers, Inc.*, 192 N.C. App. 211, 664 S.E.2d 619 (2008). In *Polk*, the plaintiff argued that the Full Commission failed to consider all the evidence presented because, unlike the deputy commissioner's order, the Full Commission did not make findings regarding all the issues

presented on appeal. *Id.* at 218, 664 S.E.2d at 624. The Court rejected the plaintiff's argument, reasoning:

> [I]n this case, the Full Commission's opinion states outright that it "affirms the Opinion and Award of Deputy Commissioner Deluca *with modifications.*" . . . That is, the Full Commission's opinion is not an order meant to stand on its own, but rather a modification of the deputy commissioner's order. As plaintiff herself states, the facts at issue were included in the deputy commissioner's order. We see no reason to require that such an order restate all the findings of fact and conclusions of law from the original order that need no modification. Considering that defendants filed an appeal containing thirty-two alleged errors, it is not surprising that the Full Commission did not address each individually.

*Id.* This Court assumed with regard to the omitted findings that the Commission wished to affirm the deputy commissioner's opinion and award, nothing else appearing in the opinion and award to the contrary. *Id.* at 218-19, 664 S.E.2d at 624.

Similarly, here, the Full Commission's opinion and award states that it "affirms the Opinion and Award of Deputy Commissioner DeLuca with modifications including the amount of attendant care and rate of pay for said care." As such, the Full Commission's opinion "is not an order meant to stand on its own." *Id.* at 218, 664 S.E.2d at 624. It is undisputed that the deputy commissioner awarded attorneys' fees to plaintiff's

counsel, and there is no indication that the Commission intended to modify that award.

Indeed, plaintiff correctly notes that under N.C. Gen. Stat. § 97-90(c) (2013), the statute authorizing the award of attorneys' fees in this instance, any decision by the Commission to *deny* attorneys' fees must be supported by specific findings. N.C. Gen. Stat. § 97-90(c) provides:

> If an attorney has an agreement for fee or compensation under this Article, he shall file a copy or memorandum thereof with the hearing officer or Commission prior to the conclusion of the hearing. If the agreement is not considered unreasonable, the hearing officer or Commission shall approve it at the time of rendering decision. If the agreement is found to be unreasonable by the hearing officer or Commission, the reasons therefor shall be given and what is considered to be reasonable fee allowed.

The lack of findings in the November 2008 opinion and award to justify a denial of attorneys' fees is contrary to defendants' contention and the Commission's assumption that the Commission in 2008 intended to deny the fee request.

In short, based on a review of the November 2008 opinion and award, either the Commission intended to affirm the deputy commissioner's award, or, alternatively, the Full Commission did not consider the issue -- whether through inadvertence or because it deemed the matter waived. Nothing in the opinion and award suggests and no authority exists that we can find, which

would permit us to conclude that the Commission reversed the deputy commissioner's award and silently denied plaintiff's counsel the 25% attorneys' fee.

Assuming, without deciding, that defendants had standing to challenge the deputy commissioner's award of attorneys' fees, the burden was on defendants to obtain a ruling from the Full Commission. When the Full Commission failed to explicitly reverse the deputy commissioner's award, defendants could have requested reconsideration and, if the Commission did not rule in their favor, appealed to this Court. *See Hurley v. Wal-Mart Stores, Inc.*, ___ N.C. App. ___, ___, 723 S.E.2d 794, 798 (2012) (holding where Commission failed to address defendants' appeal of deputy commissioner's award of attorneys' fees to plaintiff's counsel in its opinion and award, defendants properly appealed to this Court after Commission denied their motion to reconsider).

This Court has held that "when a party fails to appeal from a tribunal's decision that is not interlocutory, the decision below becomes 'the law of the case' and cannot be challenged in subsequent proceedings in the same case." *Boje v. D.W.I.T., L.L.C.*, 195 N.C. App. 118, 122, 670 S.E.2d 910, 912 (2009). Here, when defendants failed to appeal the Full Commission's 25 November 2008 opinion and award, defendants abandoned any

contention that the ruling was erroneous, and the deputy commissioner's award of attorneys' fees became the law of the case.

Under the law of the case doctrine, defendants could not attack and the Commission could not reverse the award of attorneys' fees. *See id.* (holding that "since [defendant] did not appeal Deputy Commissioner Berger's 2003 opinion and award finding that it did not have workers' compensation insurance coverage on the date of plaintiff's accident," this finding was the law of the case, and defendant "was barred from relitigating that issue in subsequent proceedings").

Because the November 2008 opinion and award left the deputy commissioner's award standing, plaintiff's 12 July 2012 motion to direct payment of attorneys' fees to plaintiff's counsel was not, as defendants contend, a motion to re-litigate the substantive issue whether attorneys' fees had been awarded by the Full Commission. Rather, it was simply a procedural motion regarding the way in which the awarded fees would be paid. The Commission's December 2012 order, as a result, had the effect of improperly denying plaintiff's attorneys' fees. Consequently, plaintiff was entitled to appeal the December 2012 order to superior court pursuant to N.C. Gen. Stat. § 97-90, and the superior court erred in dismissing plaintiff's appeal.

Defendants, nevertheless, contend that the Commission and the superior court did not have authority to award plaintiff's counsel fees under the rule set forth in *Palmer v. Jackson*, 157 N.C. App. 625, 579 S.E.2d 901 (2003). This argument -- addressing the merits of plaintiff's request for attorneys' fees -- is not properly before this Court because the award of attorneys' fees is the law of the case. *See Barrington v. Emp't Sec. Comm'n*, 65 N.C. App. 602, 605, 309 S.E.2d 539, 541 (1983) (declining to consider appellant's legal arguments when bound by law of the case). Defendants' arguments should have been raised in the first appeal to this Court. Nothing in this opinion expresses any view regarding defendants' arguments under *Palmer*.

We, therefore, reverse and remand to the superior court for remand to the Commission. On remand, since the Commission denied plaintiff's motion under a misapprehension of law regarding the effect of its 2008 opinion and award, the Commission must reconsider its ruling on that motion.

Reversed and remanded.

Judge STEELMAN concurs.

Judge ROBERT N. HUNTER, JR. concurred in this opinion prior to 6 September 2014.