JAMES SODER, Employee, Plaintiff-Appellant v. CORVEL CORPORATION, Employer, and THE TRAVELERS, Carrier, Defendants-Appellees

No. COA09-542

(Filed 2 March 2010)

## 1. Workers' Compensation— Form 44 and brief—not timely

The Industrial Commission did not err by granting a motion to dismiss by defendants where plaintiff's statement of grounds for the appeal was not timely. Although plaintiff argued that Workers' Compensation Rule 701 requires dismissal only when no Form 44 and brief are filed and not when they are merely untimely filed, the Commission's interpretation of its rule is persuasive.

**2. Appeal and Error— preservation of issues—different argument raised below**

 The argument of a workers' compensation plaintiff concerning the Industrial Commission's authority under Workers' Compensation Rule 801 was overruled where the ruling by the Commission was based on Rule 701.

**3. Appeal and Error— preservation of issues—different argument raised below**

 An argument in a workers' compensation case concerning the Industrial Commission's denial of plaintiff's motion for reconsideration was dismissed where the argument on appeal was based on excusable neglect but the argument before the Commission involved the failure to consider documents.

Appeal by Plaintiff from orders entered 8 January 2009 and 22 January 2009 by the North Carolina Industrial Commission. Heard in the Court of Appeals 27 October 2009.

*Gray Newell, LLP, by Angela Newell Gray, for Plaintiff-Appellant.*

*Mullen Holland & Cooper P.A., by J. Reid McGraw, Jason R. Shoemaker, and Shantel A. Boone, for Defendants-Appellees.*

McGEE, Judge.

James Soder (Plaintiff) filed a Form 33 with the Industrial Commission requesting that his workers' compensation claim for an injury occurring on 1 February 2001 be assigned for hearing. CorVel Corporation (Defendant) filed a Form 33R contesting Plaintiff's claim. Deputy Commissioner George Glenn, II, heard Plaintiff's claim with the hearing being completed in Cabarrus County on 30 August 2006. Deputy Commissioner Glenn ruled in favor of Defendants on 28 August 2008, concluding that Plaintiff had "failed to establish that he developed an occupational disease as a result of his employment with defendant-employer." Plaintiff appealed to the Industrial Commission. The Industrial Commission issued a notice that the matter was scheduled for hearing on the 9, 11, and 12 February 2009 docket.

Defendants filed a motion to dismiss Plaintiff's appeal on 17 December 2008, stating that Plaintiff failed to timely file and serve his Form 44 and his appellant's brief within twenty-five days of receipt of the transcript, "[pursuant] to Rule 701(2)" of the Workers' Compen-

sation Rules of the North Carolina Industrial Commission. Plaintiff submitted a response dated 29 December 2008 and received by the Industrial Commission 5 January 2009 entitled "Plaintiff's Response in Opposition to Defendant[s'] Motion to Dismiss, Motion for Continuance of Hearing and Motion to Deem Brief to Full Commission as Timely Filed." Plaintiff also filed his Form 44 and his appellant's brief with the Industrial Commission on 29 December 2008. Plaintiff concedes in his brief to our Court that "the Defendants received a copy of [Plaintiff's] Brief and Form 44 approximately twenty-one (21) days after the appropriate filing date, but forty-four (44) days prior to the date set for oral argument."

The Industrial Commission filed an order dismissing Plaintiff's appeal on 8 January 2009, stating "due to [Plaintiff's] failure to file any documentation identifying the particular grounds for [Plaintiff's] appeal, the Full Commission finds that Plaintiff has abandoned his appeal." Plaintiff filed a motion for reconsideration on 12 January 2009, which was denied in an order filed 22 January 2009. Plaintiff appeals the Industrial Commission's 8 and 22 January 2009 orders.

*Motion to Dismiss*

**[1]** Plaintiff argues the Industrial Commission committed reversible error by granting Defendants' motion to dismiss, citing abuse of discretion and insufficient evidence to support Defendants' motion. Plaintiff argues that Workers' Compensation Rule 701 authorizes dismissal only where no Form 44 and appellant's brief are filed at all. Plaintiff further argues that the Industrial Commission is required by Workers' Compensation Rule 801 and N.C. Gen. Stat. § 1A-1, Rule 37 "to consider a less severe sanction prior to dismissing an action with prejudice." We disagree.

Workers' Compensation Rule 701 provides:

(2) After receipt of notice of appeal, the Industrial Commission will supply to the appellant a Form 44 Application for Review upon which appellant must state the grounds for the appeal. The grounds must be stated with particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner and, when applicable, the pages in the transcript on which the alleged errors are recorded. Failure to state with particularity the grounds for appeal shall result in abandonment of such grounds, as provided in paragraph (3). Appellant's completed Form 44 and brief must be filed and served within 25 days of appellant's receipt of the transcript or receipt of notice that

there will be no transcript, unless the Industrial Commission, in its discretion, waives the use of the Form 44. The time for filing a notice of appeal from the decision of the Deputy Commissioner under these rules shall be tolled until a timely motion to amend the decision has been ruled upon by the Deputy Commissioner.

(3) Particular grounds for appeal not set forth in the application for review shall be deemed abandoned, and argument thereon shall not be heard before the Full Commission.

Workers' Comp. R. of N.C. Indus. Comm'n 701, 2009 Ann. R. (N.C.) 1006.

In *Roberts v. Wal-Mart Stores, Inc.*, 173 N.C. App. 740, 619 S.E.2d 907 (2005), our Court addressed the requirement of filing a Form 44 and an appellant's brief. In *Roberts*, the plaintiff gave notice of appeal but failed to file any documents with the Industrial Commission. *Id.* at 742, 619 S.E.2d at 909. The defendant likewise failed to file any documents, and after the time for filing had passed, the Industrial Commission gave notice to the parties that it would decide the matter on the record. *Id.* The defendant moved to be allowed to brief any matter to be decided. *Id.* The Industrial Commission did not rule on the defendant's motion and instead entered an award in favor of the plaintiff. *Id.* at 742-43, 619 S.E.2d at 909. The defendant moved for reconsideration, which was denied. *Id.* at 743, 619 S.E.2d at 909. The defendant appealed. *Id.*

On appeal, our Court noted that the plaintiff failed to file a "Form 44, brief, or any other document with the Full Commission setting forth grounds for appeal with particularity." *Id.* at 744, 619 S.E.2d at 910. We noted that the Industrial Commission "apparently waived the filing of Form 44 and expressly waived the holding of an oral argument, as permitted by Rule 701." *Id.* We held, however, that "the portion of Rule 701 requiring appellant to state with particularity the grounds for appeal may not be waived by the Full Commission." *Id.* Our Court reversed the Industrial Commission and vacated the opinion and award. *Id.*

Our Court addressed a similar issue in *Wade v. Carolina Brush Mfg. Co.*, 187 N.C. App. 245, 652 S.E.2d 713 (2007). In *Wade*, the plaintiff's workers' compensation claim was denied, and her attorney thereafter moved to withdraw from representation. *Id.* at 247, 652 S.E.2d at 714. The plaintiff then filed a *pro se* notice of appeal and was informed that she must file a Form 44 and appellant's brief within twenty-five days of receipt of the transcript. *Id.* at 247, 652 S.E.2d at 714-15. The plaintiff made no such filings, and the defendants moved

to dismiss. *Id.* at 247, 652 S.E.2d at 715. The Industrial Commission denied the defendants' motion and invoked Workers' Compensation Rule 801 to waive the requirements of Rule 701 on the grounds that the plaintiff lacked representation. *Id.*

In *Wade,* our Court noted "the penalty for non-compliance with the particularity requirement is waiver of the grounds, and, where no grounds are stated, the appeal is abandoned." *Id.* at 249, 652 S.E.2d at 715. We held that Workers' Compensation Rule 801 did not authorize the Industrial Commission to waive the requirement that the plaintiff assert with particularity the grounds for review. *Id.* at 248, 652 S.E.2d at 715. We held

> that the Commission's application of Rule 801, in light of plaintiff's *'pro se* status,' to waive compliance with the provisions of Rule 701 in the interest of justice was an abuse of discretion. Its actions [were] incompatible with the fundamental right of defendants to notice of the grounds for plaintiff's appeal.

*Id.* at 252, 652 S.E.2d at 718.

Thus, it is clear that, where a party fails to file any document whatsoever setting forth the grounds for appeal, the appeal is deemed abandoned. Plaintiff argues that the case before us is distinguishable from *Roberts* and *Wade* in that Plaintiff "**did** file a brief and a Form 44 approximately twenty-one (21) days after the appropriate deadline. In addition, [Plaintiff] filed a motion to continue the hearing and to deem the brief as timely filed." Plaintiff contends that, "[w]hen read in proper context, it is apparent that the [Workers' Compensation] rule regarding the filing of the Form 44 and the Appellant's brief pertains to the failure to file a brief **entirely** rather than to the untimely filing of a brief."

Our Supreme Court has held that

> [t]he North Carolina Industrial Commission has the power not only to make rules governing its administration of the act, but also to construe and apply such rules. Its construction and application of its rules, duly made and promulgated, in proceedings pending before the said Commission, ordinarily are final and conclusive and not subject to review by the courts of this State, on an appeal from an award made by said Industrial Commission.

*Winslow v. Carolina Conference Association,* 211 N.C. 571, 579-80, 191 S.E. 403, 408 (1937). However, "[w]hile the construction of

statutes adopted by those who execute and administer them is evidence of what they mean, . . . that interpretation is not binding on the courts." *Vernon v. Steven L. Mabe Builders*, 336 N.C. 425, 433, 444 S.E.2d 191, 195 (1994) (citations omitted); *but see Putman v. Alexander* —— N.C. App. ——, ——, 670 S.E.2d 610, 620 (2009) ("while we recognize that the Commission's legal interpretation of a particular provision is not binding, . . . the Commission's decisions in this and other cases . . . are persuasive authority on the issue") (citations omitted).

Plaintiff argues that the Industrial Commission erred in reading Workers' Compensation Rule 701 as requiring the *timely* filing of a statement of the grounds for the appeal, but he cites no authority for this contention. We find that the Industrial Commission's interpretation of Workers' Compensation Rule 701 "is evidence of what [it] mean[s]," and though "that interpretation is not binding on [this Court,]" we are not persuaded that the Industrial Commission erred in so construing Rule 701. *Id.*; *see also Stubbs v. Woodard*, I. C. No. 711692, 1999 WL 1211307, 1999 N.C. Wrk. Comp. LEXIS 1133 (1999) (Industrial Commission granted the defendants' motion to dismiss where the plaintiff filed her Form 44 and Brief approximately six months after the due date). Therefore, we agree with the Industrial Commission's interpretation of Workers' Compensation Rule 701 to require the timely filing of a statement of the grounds for an appeal, and failure to comply with that requirement will result in abandonment of the appeal.

In the case before us, Plaintiff failed to timely file a Form 44 and an appellant's brief setting forth the grounds for appeal and Defendants moved to dismiss the appeal. The Industrial Commission, citing *Roberts*, dismissed the appeal on the grounds that Plaintiff failed to timely file any documents setting forth the grounds for his appeal, thereby abandoning the appeal. In light of *Roberts* and the Industrial Commission's interpretation of Workers' Compensation Rule 701, we hold this interpretation was proper.

**[2]** Plaintiff further argues that "Rule 701 should not have been strictly applied in this particular incidence because he essentially complied with the rule, albeit untimely." Plaintiff then cites to Workers' Compensation Rule 801 and argues that the Industrial Commission may "relieve the parties from strict compliance with the rules of the Commission where strict compliance causes a harsh, uneven and unnecessarily prejudicial result." Workers' Compensation Rule 801 provides:

SODER v. CORVEL CORP.

[202 N.C. App. 724 (2010)]

> In the interest of justice, these rules may be waived by the Industrial Commission. The rights of any unrepresented plaintiff will be given special consideration in this regard, to the end that a plaintiff without an attorney shall not be prejudiced by mere failure to strictly comply with any one of these Rules.

Workers' Comp. R. of N.C. Indus. Comm'n 801, 2009 Ann. R. (N.C.) 1009. The Industrial Commission's authority "under Rule 801 to waive violations of the rules in the interest of justice is discretionary and not obligatory . . . . Our standard of review of the Commission's exercise of a discretionary power is a deferential one, and the Commission's decision will not be overturned absent an abuse of discretion." *Wade*, 187 N.C. App. At 251, 652 S.E.2d at 717.

We note, however, that the Industrial Commission's order granting Defendants' motion to dismiss was not based upon Workers' Compensation Rule 801. The Industrial Commission's order in this case stated that: "*Pursuant to Rule 701* of the Workers' Compensation Rules, <u>Roberts v. Wal-Mart Stores, Inc.</u>, 173 N.C. App. 740, 619 S.E.2d 907 (2005), and other applicable law, Defendants' motion to dismiss Plaintiff's appeal is hereby GRANTED." (Emphasis added). Our rules of appellate procedure provide:

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. *It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.* Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, may be made the basis of an assignment of error in the record on appeal.

N.C. R. App. P. 10(b)(1) (emphasis added); *see also Gilreath v. North Carolina Dept. of Health and Human Servs.*, 177 N.C. App. 499, 501, 629 S.E.2d 293, 294, *aff'd per curiam*, 361 N.C. 109, 637 S.E.2d 537 (2006) (overruling the plaintiff's assignment of error regarding a motion to strike where there was no indication in the record that the trial court ruled on the plaintiff's motion to strike). Plaintiff cites no authority for his argument that the Industrial Commission should have used its authority under Workers' Compensation Rule 801 to

waive the requirements of Workers' Compensation Rule 701; instead, Plaintiff merely distinguishes his case from those cases on which Defendants relied in their motion to dismiss. Because Plaintiff failed to obtain a ruling on his request that the Industrial Commission exercise its authority under Rule 801 and further failed to properly argue that this was error, we overrule this portion of his argument.

### Motion for Reconsideration

[3] Plaintiff next argues that the Industrial Commission committed reversible error by denying his motion for reconsideration. Plaintiff argues that denying this motion "was an abuse of discretion and there was insufficient evidence to support the denial[.]" Specifically, Plaintiff argues that our Court should reverse the Commission's order based on N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) and (6), on the grounds that he showed excusable neglect to support his motion to reconsider. We disagree.

Again, we look to N.C.R. App. P. 10(b)(1), which provides in pertinent part:

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, *stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.*

N.C.R. App. P. 10(b)(1) (emphasis added). Where a party before the Industrial Commission fails to present an issue to the Industrial Commission and "thus . . . raises this issue for the first time here on appeal[,] . . . [that] failure to raise the issue below result[s] in a waiver of the issue." *Carey v. Norment Sec. Industries,* —— N.C. App. ——, ——, 669 S.E.2d 1, 7 (2008).

Plaintiff's motion for reconsideration contained the following language:

> In support of this motion, . . . Plaintiff shows the Commission as follows:
>
> 1) [Plaintiff's] Brief was scheduled to be filed on or before December 8, 2008, however it was not filed at that time;
>
> 2) According to the certificate of service, . . . Defendant served its Motion to Dismiss to the undersigned counsel via regular mail on or about December 17, 2008. . . . Plaintiff received the motion

on approximately December 22, 2008 since December 20, 2008 was a Saturday;

3) [Plaintiff] timely responded to [Defendants'] motion by serving a Response to [Defendants'] Motion to Dismiss, a Motion for Continuance of Hearing, a Motion to Deem Brief to the Full Commission as Timely Filed, a Form 44 and the Appellant's Brief to the Full Commission upon counsel for [Defendants] via facsimile and first class mail on December 29, 2008. The same was submitted to the Full Commission via overnight mail to Linda Langdon and Layla Santa Rosa as evidenced by the attached Exhibit A[;]

4) [Plaintiff's] Response to [Defendants'] Motion to Dismiss, Motion for a Continuance of Hearing, and Motion to Deem Brief to the Full Commission as Timely Filed was file stamped by the Commission on January 5, 2009;

5) In its order of January 8, 2009, the Commission determined that [Plaintiff] had not filed any documents in support of its appeal. Consequently, it dismissed . . . Plaintiff's Appeal; and,

6) The facts show however that [Plaintiff] had filed documents with the Commission prior to the dismissal of the appeal which the Commission did not consider before dismissing [Plaintiff's] appeal.

WHEREFORE, in light of the foregoing and in the essence of substantial justice, we respectfully request that the Commission reconsider its order of January 8, 2009 dismissing [Plaintiff's] appeal.

A review of Plaintiff's motion to reconsider reveals no mention of excusable neglect. Rather, Plaintiff argued that the Industrial Commission failed to consider documents which had been filed. Because Plaintiff failed to raise his excusable neglect argument before the Industrial Commission, he failed to preserve the issue for appeal. We therefore dismiss this argument. Because Plaintiff makes no further argument related to this assignment of error, this assignment of error is overruled.

Affirmed.

Judges BRYANT and ELMORE concur.