ADAN NIETO-ESPINOZA, Employee-Plaintiff
v.
LOWDER CONSTRUCTION, INC., Employer, and AUTO-OWNERS INSURANCE COMPANY, Carrier, Defendants

No. COA12-1316

Filed 20 August 2013

1. **Workers' Compensation—voluntary dismissal—refiling not timely—not excusable neglect**

   The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff's failure to timely refile his claim after a voluntary dismissal was not due to excusable neglect. A lack of diligence was shown in that counsel failed to note the date of entry of the order.

2. **Workers' Compensation—voluntary dismissal—deadline for refiling—not waived**

   The Industrial Commission did not abuse its discretion by declining to waive the one year deadline under Workers' Compensation

NIETO-ESPINOZA v. LOWDER CONSTR., INC.

[229 N.C. App. 63 (2013)]

Rule 613 for plaintiff to refile his claim after a voluntary dismissal. Although, plaintiff contended that the Commission should have waived the filing deadline in the interest of justice, the Commission's decision was logically sound.

3.  **Workers' Compensation—voluntary dismissal—Rule 63—nullification declined**

The Court Appeals declined plaintiff's invitation to nullify Workers' Compensation Rule 613, which allows one year to refile a claim after a voluntary dismissal. The Court of Appeals has repeatedly adhered to Rule 613 and recognized it as an enforceable provision, and it is clear that Rule 613 was properly promulgated by the Industrial Commission pursuant to its rulemaking authority.

Appeal by plaintiff from an order of the North Carolina Industrial Commission entered 12 June 2012. Heard in the Court of Appeals 27 March 2013.

*Lanier Law Group, P.A., by Michael F. Roessler, for plaintiff-appellant.*

*McAngus Goudelock and Courie, by Daniel L. McCullough, for defendant-appellees.*

BRYANT, Judge.

Where the Commission properly concluded plaintiff's failure to timely re-file his claim was not due to excusable neglect, and where we find no abuse of discretion in the Commission's decision to decline to waive the Rule 613 deadline to allow plaintiff to re-file his claim, we affirm the order of the Commission.

On 1 August 2007, Adan Nieto-Espinoza ("plaintiff") filed a Form 18 Notice of Accident to Employer, alleging that on 24 May 2007, during the course of his employment, a nail gun discharged into his knee. Over the course of the next year, a number of parties were added or removed from plaintiff's claim, ultimately resulting in the Commission ordering, on 25 August 2010, that Lowder Construction and its insurance carrier, Auto Owners Insurance, be added to the claim (hereinafter, "defendants").

On 25 August 2010, plaintiff filed a motion for voluntary dismissal in an effort to have the opportunity to file a new claim with correctly named employers. In an order noting a file date of 7 September 2010, Deputy Commissioner Adrian A. Phillips granted plaintiff's motion for voluntary

**NIETO-ESPINOZA v. LOWDER CONSTR., INC.**

[229 N.C. App. 63 (2013)]

dismissal. On 16 September 2010, inquiry via email was made by the office of plaintiff's counsel as to whether the Deputy Commissioner had received plaintiff's motion and proposed order for voluntary dismissal. On 18 October 2010, the office of plaintiff's counsel acknowledged receipt and service of a copy of Deputy Commissioner Phillips' Order of dismissal. The service acknowledgement form noted *"Transmission via facsimile 9/7/10: Todd Mozingo and Roger Dillard"* referencing that the order had been faxed to plaintiff's and defendants' counsel, respectively on 7 September 2010. Plaintiff's counsel's paralegal calendared the one year deadline to re-file the claim for 18 October 2011, one year from the date of plaintiff's counsel's acknowledgement of receipt of the Order of dismissal as opposed to 7 September 2011, one year from the date of entry of the order. A year later, on 3 October 2011, counsel for plaintiff moved to file a "Form 33 Late Due to Excusable Neglect."

In an order filed 5 November 2011, Deputy Commissioner Phillips denied plaintiff's motion, stating the claim was barred pursuant to Rule 613. Plaintiff appealed to the Full Commission ("the Commission"). In an order filed 12 June 2012, the Commission affirmed Deputy Commissioner Phillips' order denying plaintiff's Motion to File Form 33 Late Due to Excusable Neglect. Plaintiff appeals.

---

On appeal, plaintiff raises three issues: whether the Commission erred by (I) concluding plaintiff's failure to timely re-file his claim was not due to excusable neglect; (II) concluding the untimely filing of plaintiff's claim should not be allowed under Rule 801 of the Workers' Compensation Rules; and (III) enforcing the provisions of Rule 613 of the Workers' Compensation Rules.

### Standard of Review

Our review of a decision of the Industrial Commission is limited to determining whether there is any competent evidence to support the findings of fact, and whether the findings of fact justify the conclusions of law. The findings of the Commission are conclusive on appeal when such competent evidence exists, even if there is plenary evidence for contrary findings. This Court reviews the Commission's conclusions of law *de novo.*

*Egen v. Excalibur Resort Prof'l,* 191 N.C. App. 724, 728, 663 S.E.2d 914, 918 (2008) (quoting *Ramsey v. Southern Indus. Constructors Inc.,* 178 N.C. App. 25, 29-30, 630 S.E.2d 681, 685 (2006)). "Our standard of review

of the Commission's exercise of a discretionary power is a deferential one, and the Commission's decision will not be overturned absent an abuse of discretion.' " *Soder v. CorVel Corp.*, 202 N.C. App. 724, 730, 690 S.E.2d 30, 33 (2010) (quoting *Wade v. Carolina Brush Mfg. Co.*, 187 N.C. App. 245, 251; 652 S.E.2d 713, 717 (2007)).

*I*

**[1]** Plaintiff first argues the Commission erred by concluding that his failure to timely re-file his claim was not due to excusable neglect.

Workers' Compensation Rules, Rule 613 states that, "[u]nless otherwise ordered by the Industrial Commission, a plaintiff shall have one year from the date of the Order of Voluntary Dismissal to refile his claim." Workers' Comp. R. of N.C. Indus. Comm'n 613(1)(b), 2012 Ann. R. of N.C. 1084. Excusable neglect is not addressed in the Commission Rules, however "[w]hile '[t]he Rules of Civil Procedure are not strictly applicable to proceedings under the Workers' Compensation Act,' they may provide guidance in the absence of an applicable rule under the Workers' Compensation Act." *Harvey v. Cedar Creek BP*, 149 N.C. App. 873, 875, 562 S.E.2d 80, 81 (2002) (quoting *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985)). Rule 60 of the North Carolina Rules of Civil Procedure provides relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect[.]" N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2011).

"The Commission has the inherent power and authority, in its discretion, to consider defendant's motion for relief due to excusable neglect." *Egen*, 191 N.C. App. at 730, 663 S.E.2d at 919 (quoting *Allen v. Food Lion, Inc.*, 117 N.C. App. 289, 291, 450 S.E.2d 571, 572 (1994)). "[W]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 555 (1986). "Deliberate or willful conduct cannot constitute excusable neglect ... nor does inadvertent conduct that does not demonstrate diligence[.]" *Couch v. Private Diagnostic Clinic*, 133 N.C. App. 93, 103, 515 S.E.2d 30, 38 (1999) (citation omitted). "Whether excusable neglect has been shown is a question of law, not a question of fact." *Engines & Equip., Inc. v. Lipscomb*, 15 N.C. App. 120, 122, 189 S.E.2d 498, 499 (1972).

Plaintiff contends that *Egen v. Excalibur* is analogous to the case at bar and supportive of his contention that his late filing was due to excusable neglect. Cognizant of our duty to review the Commission's

conclusions of law *de novo*, we nevertheless find the Commission's analysis of plaintiff's contention instructive:

> In support of his contention that his late refiling of his claim was due to excusable neglect, Plaintiff cites to the North Carolina Court of Appeals' decision in *Egan v. Excalibur Resort Professional*, 191 N.C. App. 724, 663 S.E.2d 914 (2008). In *Egen*, counsel for Plaintiff's paralegal received the Opinion and Award via email but did not notify counsel that the decision had been received which ultimately led to Plaintiff missing the deadline to file his appeal to the Full Commission. *Id.* at 731, 663 S.E.2d at 919. The e-mail attaching the Deputy Commissioner's Opinion and Award appeared on its face to have been sent to counsel for Plaintiff and counsel for Defendants — Plaintiff's counsel's paralegal's name did not appear on the "TO" line of the e-mail, leading her to believe that Plaintiff's counsel had received the e-mail and that she had only been "blind copied." *Id.* at 727, 663 S.H2d at 917. The Court of Appeals concluded that counsel for Plaintiff's paralegal's assumption that she was blind copied on the e-mail and her assumption that the Opinion and Award had actually been e-mailed to counsel for Plaintiff was excusable neglect. *Id.* at 731, 663 S.E.2d at 919. The Court further concluded that, given the fact that this was the first time in her ten years of work experience with the firm that an Opinion and Award had been received by e-mail, it was excusable neglect for counsel for Plaintiff's paralegal not to realize that the preservation of Plaintiff's right to appeal was dependent on her delivery of the e-mail attaching the Opinion and Award to Plaintiff's counsel. *Id.* at 731, 663 S.E.2d at 920.

> Plaintiff contends that the facts of the instant case are analogous to those in Egen. Specifically, Plaintiff contends that, like Plaintiff's counsel's paralegal in *Egen*, the representative of Plaintiff's counsel's firm in the instant case demonstrated diligence in following up with Deputy Commissioner Phillips regarding the status of Plaintiff's Motion for Voluntary Dismissal on September 16, 2010 and in calendaring the one-year deadline for Plaintiff to re-file his claim following receipt of Deputy Commissioner Phillips Order on October 18, 2010. The

Full Commission does not find this argument persuasive. Although the Court in its opinion in *Egen* does cite *Couch v. Private Diagnostic Clinic*, 133 NC App. 93, 103, 515 S.E.2d 38, *aff'd*, 351 N.C. 92, 520 S.E.2d 785 (1999) for the proposition that "inadvertent conduct that does not demonstrate diligence" cannot constitute excusable neglect, the Court's determination that there was excusable neglect was based not on a conclusion that counsel for Plaintiff's paralegal had demonstrated diligence, but rather on the facts of the case including the appearance of the e-mail containing the Opinion and Award, the paralegal's ten years of experience during which she had never before received an Opinion and Award via email, and the lack of any Industrial Commission rules regarding the use of e-mail. *Egen* [sic] at 731, 663 S.E.2d at 920. Moreover, assuming arguendo that the Court's decision in *Egen* signals support for the proposition that demonstration of diligence constitutes excusable neglect, the Full Commission concludes that counsel for Plaintiff did not demonstrate diligence in failing to discover the calendaring error until more than more than [sic] 11 months had passed since the receipt of Deputy Commissioner Phillips' Order approving Plaintiff's Motion for Voluntary Dismissal. *Egen*, [sic] at 731, 663 S.E.2d at 919.

The Full Commission concludes that using the date on which Deputy Commissioner Phillips Order was received to measure the one year deadline to refile Plaintiff's claim demonstrates ignorance of the applicable rule and lack of diligence, and therefore, does not constitute excusable neglect. *Briley* [sic] at 546, 501 S.E.2d at 655. Furthermore, the Full Commission concludes that counsel for Plaintiff's failure to discover the calendaring error until the one year deadline to refile Plaintiff's claim had passed demonstrates lack of diligence and, therefore, also does not constitute excusable neglect. *Egen*, [sic] at 731, 663 S.E.2d at 919.

We agree with the analysis as set forth by the Commission. A lack of diligence was shown in the instant case where, just after requesting and receiving a copy of the order of dismissal, counsel failed to note the date of entry of the order. Even assuming plaintiff's counsel never received the order purportedly faxed on 7 September 2010, had plaintiff's counsel

merely looked at the 18 October 2010 acknowledgement of receipt of order, which acknowledgement noted 7 September 2010 as the date of entry of the order, that would have demonstrated a level of diligence. Here, carelessness if not negligence, caused plaintiff's counsel to enter the wrong date to re-file plaintiff's worker's compensation claim. We find no error in the Commission's conclusion that plaintiff's counsel's failure to timely re-file the claim was not due to excusable neglect.

## II & III

[2] We combine plaintiff's second and third issues and address plaintiff's argument that the Commission abused its discretion by declining to waive, per Rule 801, the one year deadline under Rule 613 for plaintiff to re-file his claim. Plaintiff contends that even if no excusable neglect existed, the Commission should have, in the interest of justice, waived the filing deadline.

> Although the Industrial Commission is not a court with general implied jurisdiction, it is clothed with such implied power as is necessary to perform the duties required of it by the law which it administers. Although it primarily is an administrative agency of the state, charged with the duty of administering the provisions of the Worker's Compensation Act "in hearing and determining facts upon which the rights and liabilities of employers and employees depend, it exercises certain judicial functions to which appertain the rules of orderly procedure essential to the due administration of justice according to law.

*Hogan*, 315 N.C. at 137-38, 337 S.E.2d at 483 (citations omitted). "[North Carolina General Statutes, section 97-80(a)] grants the Industrial Commission the power to make rules consistent with the Workers' Compensation Act in order to carry out the Act's provisions. Under the authority of this statute, the Commission adopted Rule 613[.]" *Daugherty v. Cherry Hosp.*, 195 N.C. App. 97, 103, 670 S.E.2d 915, 920 (2009).

Workers' Compensation Rules, Rule 613(b), states that "[u]nless otherwise ordered by the Industrial Commission, a plaintiff shall have one year from the date of the Order of Voluntary Dismissal to refile his claim." Workers' Comp. R. of N.C. Indus. Comm'n 613(1)(b), 2012 Ann. R. of N.C. 1084.

Workers' Compensation Rules, Rule 801, states that "[i]n the interest of justice, these rules may be waived by the Industrial Commission." Workers' Comp. R. of N.C. Indus. Comm'n 801, 2012 Ann. R. of N.C. 1090.

**NIETO-ESPINOZA v. LOWDER CONSTR., INC.**

[229 N.C. App. 63 (2013)]

Plaintiff contends that since defendant would not be prejudiced by plaintiff filing his claim less than thirty days after the one year deadline, the Commission erred by not invoking Rule 801 to better serve the interest of justice. While the Commission had the inherent authority under Rule 801 to waive plaintiff's violation of Rule 613, it declined to do so. We find no abuse of discretion.

As stated in *Soder v. CorVel Corp.*, absent an abuse of discretion, this Court shall not overturn the Commission's decision regarding a Rule 801 waiver request. 202 N.C. App. at 730, 690 S.E.2d at 33 (holding that while the "Commission's authority under Rule 801 to waive violations of the rules in the interest of justice is discretionary and not obligatory.... Our standard of review of the Commission's exercise of a discretionary power is a deferential one, and the Commission's decision will not be overturned absent an abuse of discretion." (citation and quotations omitted)). In the instant case, the Commission recognized plaintiff had failed to timely file his request for a hearing, and ruled that the reason was not due to excusable neglect. Therefore, as the Commission's decision was logically sound, we find no abuse of discretion and therefore overrule plaintiff's argument.

[3] Plaintiff also argues the North Carolina courts have historically played a role in "policing" the Commission's rule making, and should invoke that policing power to invalidate Rule 613. However, we decline plaintiff's invitation to nullify Rule 613 as adopted by the Commission. This Court has repeatedly adhered to Rule 613 and recognized it as an enforceable provision. *See Daugherty*, 195 N.C. App. 97, 670 S.E.2d 915; *see also, Lee v. Roses*, 162 N.C. App. 129, 131, 590 S.E.2d 404, 406 (2004) (discussing the Commission's authority under Rule 613 and noting that "[p]ursuant to its power to efficiently administer the Workers' Compensation Act, the Commission has inherent judicial authority to dismiss a claim with or without prejudice for failure to prosecute." (citation omitted)).

Further, in *Hogan*, our Supreme Court held that the Commission had the inherent power to invoke Rule 60 of the North Carolina Rules of Civil Procedure (regarding relief from judgment or order), concluding "the statutes creating the Industrial Commission have by implication clothed the Commission with the power to provide this remedy, a remedy related to that traditionally available at common law and equity[.]" *Hogan*, 315 N.C. at 137, 337 S.E.2d at 483; *see* N.C. R. Civ. P. § 1A-1, Rule 60 (2011) (Relief from judgment or order).

Notwithstanding plaintiff's argument that the promulgation of Rule 613 allows the Commission to narrow an injured worker's "substantive" rights,

RL REGI N.C., LLC v. LIGHTHOUSE COVE, LLC

[229 N.C. App. 71 (2013)]

it is clear that Rule 613, similar to its counterpart, Rule 41 of the North Carolina Rules of Civil Procedure, is a rule of procedure and was properly promulgated by the Industrial Commission pursuant to its rulemaking authority. *See* N.C. R. Civ. P. § 1A-1, Rule 41 (2011) (Dismissal of actions). Both rules allow a one year deadline to re-file a claim after plaintiff voluntarily dismisses his claim. Therefore, plaintiff's argument is overruled.

The order of the Full Commission is affirmed.

Judges HUNTER, JR., Robert N., and McCULLOUGH concur.